SEABOARD AIR LINE RAILWAY COMPANY, PLAINTIFF IN ERROR, v. JULIA A. BARWICK, DEFENDANT IN ERROR.

RAILROAD ACCIDENT LAW—NO RECOVERY WHERE IN-JURY WHOLLY RESULT OF PLAINTIFF'S NEGLIGENCE.

Where a party on a dark night, at a point where there is no public crossing of a railroad track, steps upon the track within three feet of an approaching engine and train of cars that she knew to be present and approaching, and is struck and injured by such engine, and it is shown by such railroad company by uncontradicted proof that its servants and agents in charge of such engine and cars did use all ordinary and reasonable care and diligence

under the circumstances and conditions by which they were then and there surrounded, and were guilty of no negligence that contributed in any way to the bringing about of the injury, and further showed that the injury resulted solely from the party's own negligence, such party cannot in law recover for such injury.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Geo. P. Raney* and *J. C. Cooper,* for Plaintiff in Error.

*A. W. Cockrell & Son,* for Defendant in Error.

TAYLOR, J.   The defendant in error, Julia A. Barwick, sued the plaintiff in error, the Seaboard Air Line Railway Company, a corporation, in the Circuit Court for Duval county for damages for personal injuries caused by the alleged negligence of the defendant in the operation of one of its trains, whereby the plaintiff was thrown from the track of said railway by one of its engines and received personal injury.   The trial of the case resulted in a verdict and judgment for the plaintiff in the sum of one thousand dollars, for relief from which the defendant below comes here by writ of error.

There are twenty assignments of error predicated upon rulings of the court on the pleadings, on admissions of evidence, on charges given and on refusals to give charges requested, and upon the denial of the defendant's motion for a new trial, and upon the denial of a motion by defendant to compel plaintiff to amend her declaration so

as to make it more definite and explicit, but, from the conclusion we have reached after careful study and consideration of the case, it becomes unnecessary to consider any of such assignments except the eighteenth, which is: "That the court erred in overruling the motion of defendant for a new trial in said cause."

This motion for new trial contained twenty-four grounds, but we shall consider but two of them, the first and second, as follows: 1st. The verdict is contrary to the evidence. 2nd. The verdict is contrary to the law.

The overwhelming preponderance of the evidence in the cause establish the following state of facts, which are practically uncontroverted. The plaintiff with her sister and niece between half-past seven and eight o'clock on a dark night in December, 1902, were proceeding on foot from the plaintiff's milinery store located on the East side of defendant's railway tracks in the town of Wildwood in Sumter county, to her dwelling house located on the west side of said railway tracks in said town of Wildwood. They were proceeding along a private foot-path that crossed the railway tracks at the point where the accident occurred, which foot-path, though habitually used for some time by the plaintiff and her family in going back and forth from her residence to her store, was not a public crossing of the railway, but was distant from the public crossing several hundred feet. The plaintiff's niece carried a lantern and walked in the lead, the plaintiff's sister walking next to her while the plaintiff came last. As they got to the defendant's railway tracks a train composed of an engine and caboose was coming in from the North moving towards the South immediately across their path. The plaintiff's niece and sister succeeded in safely crossing the track immediately in front of the approaching engine, but the plaintiff, who came

last, stepped upon the track about three feet (in the language of the only witness who attempts to give the distance) ahead of the engine, was struck by the engine, thrown from the track, bruised and injured with some of her ribs fractured. The engineer driving the engine sat on the right hand of his cab looking out ahead, but did not see the plaintiff until after she was struck, the boiler of the engine being between him and the plaintiff who approached the track from the opposite side to that on which he was sitting. She was seen by the fireman of the engine, who sat on the same side of the cab as the one from which she was approaching, at the instant that she stepped upon the track in front of the engine. The fireman examined "look out," whereupon the engineer instantly reversed his lever, put on the air brakes and brought the train to a stand within a few feet, the rear end of the caboose stopping within ten feet of the spot where the plaintiff was struck. The whistle of the engine was sounded at the end of the yard limits some distance from, but within hearing of, the place where the accident happened, the engine was provided with a head-light in good condition, and the engine bell was being sounded continuously.

The plaintiff's declaration does not allege any specific act or acts of negligence, but in the most general terms alleges that "the defendant disregarding its duty, negligently and carelessly ran and operated a locomotive and cars on its line of railway, and in so negligently running and operating said locomotive and cars did then and there strike the plaintiff," &c. Neither was any act of negligence by the defendant proven or attempted to be proven by the plaintiff, but she simply showed at the trial that she had been injured by one of the defendant's locomo-

tives, and there stopped, apparently relying upon the provisions of section one of Chapter 4071, Laws of 1891, imposing liability on railroad companies for any damage done to persons or property by the running of their locomotives or cars unless such companies shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, and making the presumption in all such cases against such companies. The defendant company in this case has met and, as we think, effectually overcome this presumption, and has shown by affirmative proof, that is not contradicted, that its agents and servants on this unfortunate occasion did use all ordinary and reasonable care and diligence under the circumstances and conditions by which they were there surrounded, and that the injury to the plaintiff resulted from no negligence or carelessness of theirs in the discharge of their duty towards the plaintiff and the public generally. Section two of said Chapter 4071 provides further: "No person shall recover damages from a railway company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence." The proofs show, conclusively and without any material conflict, as we think, that the injury to the plaintiff on this occasion resulted solely and entirely from her own recklessness, careless and negligent act of attempting to cross the track immediately in front of a moving locomotive, that she knew to be present and approaching, and that, too, on a dark night when her presence, position and movements were difficult of discovery by the persons in charge of such locomotive. Under these circumstances she is by law not entitled to recover from the railroad company for the injuries so received. Corollary to what has been said, the Circuit Court erred in the denial of the defendant's motion for a new trial,

upon the grounds, if upon no other, that the verdict was contrary to law and to the evidence. The judgment of the Circuit Court in the case is, therefore, hereby reversed, at the cost of the defendant in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and WHITFIELD, JJ., concur in the opinion.

COCKRELL, J., disqualified.