Jacksonville Electric Co. v. Schmetzer.—Syllabus.

JACKSONVILLE ELECTRIC COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. C. W. SCHMETZER, DEFENDANT IN ERROR.

1. Grounds of a demurrer, interposed to a declaration, but not argued in the appellate court, will be treated as abandoned.

2. Where the only ground of a demurrer interposed to a declaration in an action for negligence which is argued in the appellate court is that the declaration is too general in its nature and fails to set forth the "specific acts of negligence" relied upon by plaintiff to charge defendant, such ground of demurrer is so general in its nature as not to require the appellate court to do more than to examine the declaration and determine whether or not there are such essential and vital defects therein as to show no cause of action against defendant.

3. In actions where negligence is the basis of recovery it is not necessary for the declaration to set out the facts constituting the negligence, but an allegation of suffi-

cient acts causing injury, coupled with an averment that they were negligently done, will be sufficient.

4.  Instructions requested by defendant in an action against it for negligence which are faulty in that they state incorrectly the doctrine concerning the effect of contributory negligence on the part of plaintiff are properly refused by the court.

5.  A requested instruction, even though it may embrace correct legal principles, is properly refused, when such principles have been fully covered by other instructions or charges given in the case.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Jno. E. Hartridge & Son,* for Plaintiff in Error;

*C. B. Peeler,* for Defendant in Error.

SHACKLEFORD, C. J.: This is an action of trespass on the case instituted by the defendant in error against the plaintiff in error in the circuit court for Duval county. Trial was had before a jury, which resulted in a verdict and judgment for plaintiff in the sum of $200.00, which defendant seeks to have reviewed here by writ of error, returnable to the present term. The declaration contains two counts, the first alleging in substance that defendant had and was operating an electric street railway in the city of Jacksonville, having one of its tracks on Riverside avenue, and that on or about the 25th day of August,

1906, defendant was operating one of its cars on the track on such avenue and "then and there by its said servants so carelessly and improperly drove and managed said street car that by and through the negligence and improper conduct of the defendant, by its said servants in that behalf, the said street car ran and struck with great force and violence" the buggy in which plaintiff was riding and thereby inflicted great personal injuries upon plaintiff, demolished his buggy and harness and seriously injured the horse which was attached to the buggy, to the damage of plaintiff in the sum of $10,000. The second count is like the first, except that it charges defendant with "wrongfully, wantonly, maliciously and wilfully" operating the car and running into and inflicting the injuries upon plaintiff, but no testimony was adduced in support of this count and no charges or instructions given relating thereto or bearing thereon, so it may be considered as eliminated from the case.

Defendant interposed a demurrer to the declaration, stating the substantial matters of law intended to be argued in support thereof as follows:

"1. The declaration and each count thereof states a conclusion of negligence and does not state any act of negligence upon the part of defendant.

2. The declaration is so vague, uncertain and indefinite that it is impossible for the court to understand how the accident occurred or the injuries of the plaintiff were received.

3. The declaration does not show that the plaintiff was himself free from fault, or that the defendant was at fault."

The overruling of this demurrer forms the basis for

the first assignment. It is difficult to determine from defendant's brief just what ground of the demurrer it relies upon in support of this assignment, as it is argued in the most general manner. In fact, the only argument made in support thereof, if argument it may be called, is in the discussion of the second, fifth, sixth, seventh and eighth assignments, which are treated together, and to which discussion defendant refers us in its brief as supporting and sustaining this first assignment. All that we find in that discussion bearing on this assignment is that the declaration is too general in its nature and fails to set forth the "specific acts of negligence" relied upon by plaintiff to charge defendant. This is the only ground of the demurrer, then, properly before us for consideration, the other grounds being deemed abandoned. Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462; concurring opinion in Atlantic Coast Line Railroad Co. v. Benedict Pine Apple Co., 52 Fla. 165, 42 South. Rep. 530. This ground is so general in its nature that all that is required of us is to examine the declaration and determine whether or not there are such essential and vital defects therein as to show no cause of action against defendant. State ex rel. Kittel v. Trustees I. I. Fund, 47 Fla. 302, text 307, 35 South. Rep. 986, 989; Florida Central & Peninsular R. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832. Applying this rule, defendant's contention must be decided adversely to it. It is settled law in this court that "In actions where negligence is the basis of recovery it is not necessary for the declaration to set out the facts constituting the negligence, but an allegation of sufficient acts causing injury, coupled with an averment that they were negligently done, will be sufficient." Consumers Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797, and authorities

therein cited; Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246.

Upon the overruling of the demurrer defendant filed two pleas, not guilty, and that the injury was caused solely by plaintiff's negligence, upon which pleas defendant joined issue.

All of the other assignments, except the tenth and eleventh, are based upon the refusal to give certain instructions requested by defendant. We have carefully examined such of these assignments as are urged before us and are of the opinion that no error was committed in refusing any of such requested instructions. All, or practically all, of them are faulty in that they fail to correctly state the doctrine concerning the effect of contributory negligence on the part of plaintiff, and, therefore, would have been calculated to confuse and mislead the jury. It would serve no useful purpose to set forth these instructions or to discuss them in detail. As we have already said, the same vice seems to have infected all of the refused requested instructions. If it be that any one of such instructions states a correct proposition of law, we are of the opinion that it was fully covered by the charge already given by the trial judge of his own motion or by some of the other instructions given at the request of defendant. So far as we are advised by the record, the plaintiff requested no instructions, but it seems to us that the jury was fully and correctly instructed as to the law applicable to the case. See Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 South. Rep. 516; Seaboard Air Line Railway v. Scarborough, 52 Fla. 425, 42 South. Rep. 706.

The tenth and eleventh assignments are based respectively upon the overruling of defendant's motion for a new trial, and entering judgment in favor of plaintiff. The

only argument made here in support of these assignments is that the evidence was not sufficient to support the verdict and judgment. We cannot agree to this contention. While the evidence was conflicting, it was ample to support the verdict. It was concurred in by the trial judge, and we must refuse to disturb it.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.