SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. J. H. TOMBERLIN, *Defendant in Error*.

Opinion filed Nov. 30, 1915.

1. Section 2841 General Statutes of 1906, prescribing the speed of trains passing through any of the traveled streets of a city applies only to the traveled streets of a city upon and through which the track of the railroad is located.

2. A charge to the jury which has no application to the evidence adduced in the case and is misleading in character as to the duties resting upon the defendant to the latter's injury constitutes reversible error.

3. In a suit against a railroad company for damages for personal injuries sustained in attempting to cross a railroad track at a street crossing, where the evidence affirmatively shows that the plaintiff failed to exercise that degree of prudence which the known risks required, but negligently rode a motor-cycle upon the railroad track in front of an approaching train, the speed of the train cannot be considered the proximate cause of the injury.

Writ of Error to Circuit Court, Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*P. O. Knight,* for Plaintiff in Error;

*Dickenson & Dickenson,* for Defendant in Error.

ELLIS, J.—The defendant in error sued the plaintiff in error in the Circuit Court for Hillsborough County for damages for personal injuries alleged to have been sustained while attempting at a street crossing to cross the railroad track of the plaintiff in error on a motorcycle which it is alleged was struck by a passing train, throwing the defendant in error to the ground and injuring him.

The declaration contains two counts. One charges the plaintiff in error with negligence in running its train along the street in Plant City, where the accident occurred, in a "high, rapid and excessive rate of speed." The other count charged the plaintiff in error with negligence in running the train along the street at a greater rate of speed than permitted by the city or town ordinance of Plant City and the laws of the State, without ringing any bell, blowing a whistle or giving any alarm or warning of the approach of the train.

There was a plea of not guilty, and one in the following words: "And for a second plea to said declaration, and each and every count thereof, defendant says: that the plaintiff attempted to cross the tracks of the defendant company on a motorcycle, immediately in front of an approaching train whose presence was known to the plaintiff, or could have been known by the exercise of reason-

able care on his part, and that while on the track of the defendant, plaintiff saw the approaching train and turned the motorcycle upon which he was riding into a ditch and was thereby then and there thrown from the motorcycle to and against the fence, from which he received his injuries, and by such action on his part plaintiff did proximately contribute to the injuries alleged to have been received by him."

Upon these pleas issue was joined and the parties went to trial. The plaintiff obtained a verdict and judgment for one thousand dollars, and the defendant took a writ of error.

It appears from the evidence that the track of the railroad corporation in Plant City runs along Ingram Street as it approaches the depot from Tampa. About "two city blocks" from the depot the track crosses Collins Street, which intersects Ingram Street at right angles and curves at that point toward the depot. The defendant in error was riding a motorcycle on Collins Street going North, approaching the railroad track at the point where it crosses Collins Street. Both Ingram and Collins Streets are about forty or fifty feet wide. The train was approaching the crossing from the west. On the west side of Collins Street near this crossing are several buildings. There is a two-story building on the southwest corner formed by the intersection of the two streets. The defendant in error was running his machine about eight or ten miles an hour and as he arrived at the track he saw the train of the plaintiff in error close upon him. Turning his machine he ran down the track between the rails eastward about eight or ten feet and tried to cross. As the front wheel of his motorcycle crossed the second rail, he said that the "cow catcher" of the engine struck

his rear wheel and threw him against a fence constructed of barb wire, from which fall he sustained injuries.

The testimony of the defendant in error shows that he knew of the existence of the railroad crossing at Collins Street; that ten feet south of the track he could have seen the train forty or fifty feet away, but he did not look in that direction, he heard no bell, nor whistle and not expecting a train he was "up  in the street  before he looked" and within two or four feet of the track.   Several witnesses for the defendant in error said they heard no bell, the fireman and engineer said the engine's bell was ringing as the train approached the crossing.   The train which consisted of an engine, tender and three cars was stopped by the engineer within the train's length as soon as the accident occurred.   The evidence as to the speed of the train was very conflicting; the plaintiff below said it was running twenty-five or thirty miles an hour, other witnesses said "twice as fast as a horse could trot," and others said not over six or eight miles an hour.

If the defendant in error had taken the precaution to look for the train as soon as he passed the corner of Collins and Ingram Streets instead of imprudently running up to the track, he could have seen the approaching train and easily turned his machine, which was only running at eight or ten miles an hour, and might thus have avoided the danger.  A witness, who was on the street about five doors from the corner heard the approaching train and called to the defendant in error to warn him, but he either did not hear or ignored the warning.   There was no evidence of the existence of an ordinance of Plant City limiting the speed of trains passing through the town.   Section 2841 of the General Statutes of 1906 prescribing the speed of trains passing through "any of the  traveled

streets of a city" applies only to the traveled streets of a city upon and through which the track of the railroad is located. The court's charge that "all railroad trains moving through incorporated cities shall move at a rate of speed not to exceed four miles per hour and to do so is negligence on the part of such railroad company," we think was erroneous. It had no application to the facts in this case, and was misleading in that it conveyed the idea that the duty devolved upon the plaintiff in error to operate the train at such speed when approaching a street crossing under the circumstances of this case. Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235. A. C. L. R. R. Co. v. Wallace, 61 Fla. 93.

The imprudence of the plaintiff below in not taking the precaution which under the circumstances might have avoided the accident, but instead heedlessly riding his motorcycle up to and directly in front of the approaching train and then turning down the track between the rails in front of it, exhibited a lack of prudence which the known risks demanded that he should exercise. The engineer in charge of the approaching locomotive had the right to presume that the defendant in error was in possession of his faculties, that he would not attempt to cross the track ahead of the train with such a narrow margin of time in which to accomplish it, under such circumstances the speed of the train even if it exceeded four miles an hour, and it was the duty of the plaintiff in error to operate it at such speed, could not be considered the proximate cause of the injury. Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 South. Rep. 247.

The judgment of the court is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.