LOUISVILLE AND NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. T. W. PADGETT, *Defendant in Error*.

Opinion filed January 31, 1916.

One who undertakes to cross a railroad track ahead of an approaching train which he knows to be near, is chargeable with the exercise of such caution and prudence as is demanded under the circumstances, and if in disregard of such warnings and admonitions as the circumstances force upon him he takes the risk of crossing and is injured by the passing train, his conduct will be regarded as the sole proximate cause of his injury.

Writ of Error to Circuit Court, Jackson County; D. J. Jones, Judge.

Judgment reversed.

*Paul Carter*, for Plaintiff in Error;

*James H. Finch*, for Defendant in Error.

ELLIS, J.—T. W. Padgett sustained personal injuries while attempting to cross the railroad track of the Louisville and Nashville Railroad Company at a street crossing in Marianna, and brought suit against the railroad company in the Circuit Court for Jackson County for damages. The plaintiff alleged in his declaration that one evening in November, 1913, while crossing the railroad track on Green Street in the City of Marianna, he was struck by a locomotive and injured; that the locomotive was being operated at the time by the employees of the railroad company in a careless manner; that the bell on the locomotive was not rung as the train approached the crossing, nor was any whistle blown to give notice of the approach of the train; that the locomotive was not equipped with a 1500 candle power headlight; that it approached the crossing at a high rate of speed, and that the train was not stopped in time to prevent the accident, although the engineer saw, or could have seen, the plaintiff on the crossing before he was struck. The pleas were not guilty and contributory negligence. There was a verdict for the plaintiff, and the defendant took writ of error.

There are several assignments of error, but it is necessary to consider only one. There was a motion for a new trial upon the ground that the verdict was contrary to the evidence, and there were assignments of error

based upon the denial of the motion and the court's re-fusal to instruct the jury to find for the defendant.

The plaintiff was going to the City of Marianna from his home; he was walking and was on Green Street. Near the Electric Light Plant in that city the railroad track of the defendant corporation crosses Green Street. The railroad makes a curve at some distance east of the crossing and the track runs through a "cut" at that point. The train was approaching the city from the east; the time was about six o'clock in the evening, and it was "good dark." The plaintiff undertook to cross the track ahead of the approaching train, knowing that it was approaching, and was injured. To quote from the bill of exceptions: "Q. You said while ago you made a little stop, where were you when you made the halt? A. I was on the track when I made the halt. Q. Do I understand you to say you got on the track and made a stop to look at the train? A. No sir, I said I got to the railroad and stopped. Q. What prevented you from seeing it, Mr. Padgett? A. Wasn't anything. I did see it. I was in the act of stepping on the track when I saw the train and I thought it was about fifty yards off. Q. Just as you were in the act of stepping on the track you saw the train? A. I didn't know for sure it was the train until I stepped on it. I stepped on it and looked back and saw it was the train. By the Court: Q. Mr. Padgett, you say you stopped for a second or two just before you stepped on the railroad track? A. Yes sir; just as I was at the track. Q. And then you looked? A. Yes sir. Q. Did you see the train about fifty yards away? A. I saw it, I thought it was the train and I thought it was fifty yards away. Q. You thought it was

the train coming just before you stepped on the track, is that right?  A.  Yes sir."

The evidence was conflicting as to the blowing of the whistle and ringing of the bell as the train approached the crossing.  The plaintiff approached the track from the south, the engineer was sitting on the right side of his engine, which was approaching from the east, and said that he did not see the plaintiff until he stepped on the track.  There was also some conflict in the testimony as to the speed at which the train was moving.  Some witnesses said fifteen miles, others thirty-five miles per hour, and there was also conflict as to the brilliancy of the headlight.

The plaintiff, however, saw the train approaching, thought it was about fifty yards away, and undertook to cross in front of it, got on the track and then tried to step back.  From this state of facts it was immaterial that the whistle was not blown, nor that the bell was not rung, nor that the headlight was not brilliant; that plaintiff saw the approaching train, knew of the danger, was chargeable with the exercise of the prudence and caution which the known dangers of the situation required, and all the circumstances demanded.  The noise of the bell and whistle and the light of the approaching engine could not have made him more fully aware of the presence of the train than the testimony of his sense of sight afforded, according to his own testimony.  Seaboard Air Line R. Co. v. Barwick, 51 Fla. 304, 41 South. Rep. 70; Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235; Seaboard Air Line Ry. v. Tomberlin, 70 Fla. 435, 70 South. Rep. 437, decided June Term. 1915.

The negligence of the plaintiff in undertaking to cross the track of the railroad under the circumstances, was

very great.  It would not be wrong to say that it amounted to recklessness.  The plaintiff was not a young man, being about sixty-two years of age, and therefore not as agile as a man of fewer years; the time was night, and the plaintiff's eyesight not good.  His age, the darkness, his failing eye-sight all warned and admonished him to be careful; but disregarding it all, knowing the train was approaching and about fifty yards away, undertook to cross the track.  We think that such heedlessness or lack of prudence, amounting to a positive disregard of danger, was the sole proximate cause of the injury.  The assignments of error were, therefore, well taken.

The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD and WHITFIELD, JJ., concur.

COCKRELL, J., absent by reason of sickness.