LIVE OAK, PERRY & GULF RAILROAD COMPANY, *Plaintiff in Error,* v. ALONZO J. MILLER, *Defendant in Error.*

Opinion Filed June 13, 1916.

Where it appears that a plaintiff's injury was "caused by his own negligence" he cannot under the statute recover damages from a railroad company for such injury.

VOL. 72, JUNE TERM, 1916.          9

Live Oak, Perry & Gulf R. R. Co. v. Miller—Opinion of Court.

Writ of Error to Circuit Court, Suwannee County; M. F. Horne, Judge.

Judgment reversed.

*John H. Harrell,* for Plaintiff in Error;

*Stafford Caldwell,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment awarding damages for personal injuries. Miller who was a passenger alighted from the defendant carrier's train while it was temporarily standing at a point a short distance before reaching the station at Live Oak, Florida. He was struck by the engine while walking on the defendant's track ahead of the train from which he alighted.

The statutes provide as follows:

"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him." Secs. 3148, 3149 Gen. Stats. of 1906, Compiled Laws of 1914.

The plaintiff's testimony contains the following: "I got off the train and walked along the coach and stepped over in between the two tracks and came on down the road. The Coast Line and the Live Oak , Perry & Gulf run parallel, and I came in between those two tracks. When I got near the crossing of Duval Street, I decided to go across, to cross the road; I had some little business to attend to and of course, I expected to hurry and attend to that little item of business, I intended to go across to Rodger's over there and come down. I don't know how many steps, I did not go directly across the road though because I stepped upon the road before I got to the crossing, and I walked somewhat in this manner; like this was the road; I stepped upon the cross ties. I remember having walked upon the end of the cross ties tor some little distance, and probably, when the train struck me I was just between the rails; rather think I was. I was making across the road. I had walked upon the end of the ties for a little piece, and was gradually going across. I don't know exactly what distance I went on the track, but I remember having walked on the track some little distance, perhaps several steps. I can remember taking several steps on the track. I was then struck by the engine and train. I suppose, of course it knocked me semi-unconscious. I was not fairly unconscious, because some little things I slightly remember of; I don't know of course; I don't know where it threw me, but I know when I saw the train I endeavored to get off the track and it struck me in the back. I was ahead of the train, going from the train, and the train struck me in the back. I was approaching that street when I was struck. They did not warn me of the approach of the train as I was traveling along the track and property of the defendant. I did not hear any bell ring. I did not know of the ap-

proach of the train before it struck me.   I heard the train just before it struck me, just a few feet behind me.   I glanced around and saw the train and endeavored to get off the track.   I jumped.   The train caught me before I could get off the track, and as soon as I realized anything was near, I tried to reach a place of safety.   At the time I got off that train I knew that it was not at the regular stopping place.   I got off the back end of the coach, there was only one coach and as well as I remember the front end was a baggage car and that part of the coach was used for the baggage. As other people got up and got off, I got up.   Some others got off ahead of me.   I came down alongside the train and along by the side of the coach and also along by the side of the engine too; I got past that. I knew it would go the same way I was go-. ing.   I walked on down in the same direction the train was going, and I knew the train was behind me.   I did not know when I stepped on the track that I was on the Live Oak, Perry & Gulf track.   There were three tracks along there.   There is a path between those tracks.   A person out between those tracks would not be hurt, not if directly between the tracks.   I did not intend to come on to the station at that time, but intended to cross over to Mr. Rodger's.   As near as I can form any judgment of distance, it is something like 150 yards from the intersection of the L. O. P. & G. R. R. and the Coast Line to Duval Street.   It is better walking along that path between the tracks than it was on the track where I was walking.   There are plenty of ways and places I could have been along those tracks near where I was, that if I had been I would not have been hurt.   I saw the train just before it struck me, turned just for an instant.   As nearly as I can tell it was about as near as from here to the wall, something like that, right across to me, about

that distance.   The racket of the train caused me to look back.   I undertook to get off and could not get off.   I was struck and don't know anything more about it."

A consideration of the plaintiff's own testimony shows that his injury was "caused by his own negligence" for which he cannot recover damages under the terms of Section 3149 of the statute above quoted.   He voluntarily left the train before it reached his destination and was walking on the defendant's track knowing the train was behind him going in the same direction.   If he mistook the identity of the track on which he was walking it was not the fault of the defendant.   There is abundant testimony that the defendant's servants "exercised all ordinary and reasonable care and diligence" to avoid the injury to the plaintiff after he had stepped upon the track.

The judgment is reversed.

TAYLOR, C. J. and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ. concur.