FLORIDA EAST COAST RAILWAY COMPANY, *Plaintiff in Error*, v. LOUIS FREDERITZI, *Defendant in Error*.

Opinion Filed February 4, 1919.

A judgment awarding damages for the death of a minor son will be affirmed when negligence of the defendant may properly have been found from the evidence, and the concurring negligence of the deceased, if any, did not bar, but may have reduced the recovery, which is not patently unreasonable.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*Shutts, Smith & Bowen*, for Plaintiff in Error;

*G. A. Worley & Son,* for Defendant in Error.

WHITFIELD, J.—Frederitzi obtained a judgment for damages for the death of his minor son caused by the railroad company's train at a crossing, and on writ of error the company contends merely "that the evidence shows that the killing of plaintiff's son was the result of the son's own negligence," which would make a recovery error. See Tampa Electric Co. v. Bourquardez, 72 Fla. 161, 72 South. Rep. 668; Seaboard Air Line Ry. v. Tomberlin, 70 Fla. 435, 70 South. Rep. 437; Louisville & N. R. Co. v. Padgett, 71 Fla. 90, 70 South. Rep. 998; Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 South. Rep. 247; Live Oak P. & G. R. Co. v. Miller, 72 Fla. 8, 72 South. Rep. 283; Seaboard Air Line R. Co. v. Barwick, 51 Fla. 304, 41 South. Rep. 70; Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235.

In this case the evidence does not show that the negligence of the deceased was the sole proximate cause of his death or that the defendant was free from fault as in the cases above cited. It appears that the decedent was negligent; but there is evidence as to the speed of the train, the obstruction of the view at or near the crossing and other circumstances from which the jury may have found negligence in operating the train that appreciably contributed to the cause of the death of the decedent; and as under the statute there may be a recovery, but the damages shall be reduced in proportion to the decedent's fault, the verdict will not be disturbed, there being no contention that the verdict is excessive if there

is any liability and the amount awarded not being patently unreasonable.

Judgment affirmed.

BROWNE, C. J., TAYLOR, ELLIS AND WEST, J. J., concur.