SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. MATTIE LAURA GOOD, *Defendant in Error.*

Opinion Filed April 24, 1920.

Petition for Rehearing Denied June 12, 1920.

1. In actions where negligence is the basis of recovery it is not necessary for the declaration to set out the facts constituting the negligence, but an allegation of sufficient acts causing injury, coupled with an averment that they were negligently done will be sufficient.

2. Contributory negligence in an action of tort is a defense which should be pleaded by the defendant and proved by him unless it appears from the allegations and proof of plaintiff, and it is not necessary for plaintiff to negative by his declaration the existence of contributory negligence.

3. Where the trial court concurs in the verdict of a jury by denying a motion for a new trial and there is evidence to support the verdict, an appellate court should not disturb it in the absence of a showing that the jurors were influenced by considerations outside the evidence.

4. Where the evidence does not show that negligence and carelessness upon the part of deceased at a railroad crossing were the sole proximate cause of his death or that the defendant railroad company was free from fault, a verdict awarding damages should not be disturbed where the award was not patently unreasonable in view of the statute allowing a recovery in case of concurring negligence and an apportionment of damages.

A writ of error to the Circuit Court for Alachua County, J. T. Wills, Judge.

Judgment affirmed.

*Hampton & Hampton,* for Plaintiff in Error;

*W. S. Broome* and *A. H. & Roswell King,* for Defendant in Error.

WEST, J.—The husband of defendant in error, hereinafter for convenience referred to as plaintiff, was killed by the plaintiff in error railroad company, referred to herein as defendant, in the operation of a train upon its railroad. Suit was brought by plaintiff and upon a trial of the cause she was awarded damages against defendant in a substantial amount. From the judgment entered upon the verdict defendant took writ of error.

There are several assignments of error, but the questions argued and the decisive questions in the case are, whether the declaration is good as against the demurrer and whether or not the verdict of the jury is supported by the evidence.

The declaration, omiting formal parts, is as follows: "That during the month of April, 1917, and during each day thereof, the defendant was in possession of and was managing and operating, and was during said period and still is responsible for the proper operation and management of a system of railway in the State of Florida and County of Levy, operated and managed by it.

"That J. M. Good, now deceased, was, on the 20th day of April, 1917, the husband of plaintiff; that J. M. Good, deceased, left surviving him, besides the plaintiff, his widow, a minor child the age to-wit, sixteen years respectively; that on said 20th day of April, 1917, at about the hour of one o'clock p. m. decedent, J. M. Good in the usual course of passage and travel, was driving his auto-

mobile along a certain public highway in the town of
Raleigh, Florida, at which place the railway tracks of
defendant are laid and operated across said highway;
that at said time and place defendant carelessly and
negligently propelled and ran its train against and upon
the said automobile which deceased was driving, afore-
said, and upon said J. M. Good, deceased, with great
force and violence, whereby deceased was then and there,
by the said negligence and carelessness of the defendant,
killed; and plaintiff alleges that by reason of the premises
she has been deprived of the support, maintenance, pros-
pective earnings of her said deceased husband, which she
was entitled to receive, and has also been deprived of the
comfort, association and protection of said deceased, to
the damage of the plaintiff of one hundred thousand
($100,000.00) dollars. Wherefore, plaintiff brings her
suit and claims one hundred thousand ($100,000.00) dol-
lars damages of defendant."

The legal sufficiency of this declaration was challenged
by a demurrer, the grounds of which are (1) that no venue
is laid in the declaration; (2) that the declaration does
not show jurisdiction by the court of the cause of action;
(3) that plaintiff cannot recover damages for the minor
child of the deceased; (4) that plaintiff does not allege
want of negligence on the part of the deceased; and (5)
that the declaration does not show that the negligence
of the defendant was the proximate cause of the injury.
Upon a hearing this demurrer was overruled and denied
and an exception taken. There was a motion of defendant
to require plaintiff to reform and amend her declara-
tion. Upon a hearing on this motion plaintiff asked
leave to amend by striking out the allegation in the
declaration referring to the minor child. This motion

was granted by the court.   Whereupon the motion of de-
fendant to require the plaintiff to reform her declaration
was overruled.   Thereupon please of (1) not guilty and
(2) negligence and carelessness upon the part of de-
ceased in attempting to cross the tracks of the defendant
in an automobile immediately in front of its approaching
train, which was then in full view, or by the exercise of
proper care and caution could have been observed by
him, and so near as to render the accident unavoidable
and inevitable, were interposed by defendant.   There was
joinder of issue upon the pleas and upon the issue thus
made the case proceeded to trial.

In Consumers Electric Light & Street Ry. Co. v. Pryor,
44 Fla. 354, 32 South. Rep. 797, this court stated the
rule for testing the legal sufficiency of a declaration in
this class of cases as follows: "The rule established by
this court, in actions where negligence is the basis of re-
covery, is that it is not necessary for the declaration to
set out the facts constituting the negligence, but an allega-
tion of sufficient acts causing the injury, coupled with
an averment that they were negligently and carelessly
done, will be sufficient."   See also Jacksonville Electric
Co. v. Schmetzer, 53 Fla. 370, 43 South. Rep. 85; S. A. L.
Ry. Co. v. Rentz, et al., 60 Fla. 429, 54 South. Rep. 13;
Fla. E. C. Ry. Co. v. Knowles, 68 Fla. 400, 67 South. Rep.
122; Aultman v. S. A. L. Ry. Co., 71 Fla. 276, 71 South.
Rep. 283; in which this rule was applied by this court.

Contributory negligence in an action of tort is a de-
fense which should be pleaded by the defendant and
proved by him unless it appears from the allegations
and proof of plaintiff, and it is not necessary for plain-
tiff to negative by his declaration the existence of con-
tributory negligence.   A. C. L. Ry. Co. v. McCormick,

et al., 59 Fla. 121, 52 South. Rep. 712; F. E. C. Ry. Co. v. Smith, 61 Fla. 218, 55 South. Rep. 871; So. Express Co. v. Williamson, 66 Fla. 286, 63 South. Rep. 433.

Taking the declaration as a whole, the venue and the jurisdiction of the cause of action sufficiently appear and, tested by the foregoing well settled rules, the declaration is good as against the demurrer and motion to reform and amend.

The question of the sufficiency of the evidence to support the verdict was raised by a motion for a directed verdict and a motion for a new trial, both of which were denied.

The public highway upon which deceased met his death runs east and west through the town of Raleigh, crossing practically at right angles the railroad tracks of the defendant which run north and south through said town. In attempting to drive his automobile across the railroad tracks of defendant at such crossing the deceased was struck by a moving train of defendant and seriously injured, from the effect of which he died a few hours later.

As to all the material questions of fact involved there is conflict in the evidence. The deceased was a practicing physician. His home was in Williston, ten miles approximately from where he was killed. He had been called to the town of Raleigh to visit a patient. After the visit he went into a store and spent a few minutes there, came out and entered his automobile, which was standing on the east side of the railroad but south of a building, at a point from which a train of defendant approaching from the north could not have been seen. He started his automobile and approached the crossing from the

east, running at such a rate of speed as to give him entire control of its movements. There are two tracks of the railroad at the crossing, the main track and a side track, which is on the east side running parallel to the main track and ten to fifteen feet distant from it. The deceased was injured on the main track where his automobile, which was being driven by him, was struck by a train of defendant approaching from the north running south. So much seems to be conceded and to this point the evidence of the respective parties is in practical accord.

There is evidence on behalf of plaintiff to the effect that in approaching this crossing from where the automobile of the deceased was started the view to the north was obstructed and obscured by buildings, trees and fences so that an approaching train from the north could not be seen until one had reached a point near the crossing. There is also some evidence that another train was approaching on the side track from the south; that this train was nearby and within the view of deceased; that he was observing this north-bound train and his attention was attracted by it in that direction and away from the train going south which collided with his automobile and killed him; that a wagon driven by a boy was approaching the crossing from the opposite direction, meeting the deceased upon the crossing, and the care necessary to be observed by him in passing this vehicle also arrested his attention and directed it away from the train approaching from the north; that the train which struck and killed deceased gave no notice of its approach; that the whistle was not blown, the bell was not rung and no alarm or warning of any kind was given of its approach.

This evidence was expressly denied by witnesses on behalf of defendant. They testified in substance that the train approaching from the north could have been seen for a considerable distance before it reached the crossing; that it was day time; that deceased was in possession of all his faculties and by the use of his ordinary senses could have observed this train and averted the danger; that the train approaching from the south was not at the time near enough to attract the attention of one near to or on the crossing and that the train which struck and killed the deceased blew its whistle and sounded its bell before reaching the crossing in ample time to give warning of its approach and permit deceased to avoid the danger and escape the injury. There is evidence on behalf of defendant to the effect that the deceased immediately after his injury stated "that he saw the train but he thought he could make it across ahead of the train but didn't quite make it." But this is contradicted and witnesses on behalf of plaintiff testify in rebuttal that the deceased said in substance that he did not see the train until it was within a few feet of him, that he made an effort to save himself, that "if I had had warning I believe that I could have saved myself." "I had no warning until the train was in a few feet of me."

There is substantial evidence in the record sufficient to support a verdict for plaintiff. It is contradicted in some respects and as to material and essential facts, but conflicts in evidence are primarily jury questions. There is evidence also in support of defendant's plea of contributory negligence, if it may be so regarded, but the conflict in the evidence on this feature of the case was decided by the jury adversely to defendant and the

verdict has the sanction of the trial judge. The frequently reiterated well established. rule is that where the trial court concurs in the verdict of a jury by denying a motion for a new trial and there is evidence to support the verdict, an appellate court should not disturb it in the absence of a showing that the jurors were influenced by considerations outside the evidence. So. Express Co. v. Stovall, 75 Fla. 1, 77 South. Rep. 618; A. C. L. R. Co. v. Holliday, 73 Fla. 269, 74 South. Rep. 479; Groover v. Hammond, et al., 73 Fla. 1155, 75 South. Rep. 857; Tampa & Jacksonville Ry. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437; F. E. C. Ry. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238; McNeil v. Webeking, 66 Fla. 407, 63 South. Rep. 728; F. E. C. Ry. Co. v. Pierce, 65 Fla. 131, 61 South. Rep. 237; Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367; Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44.

Applying this rule to the recited facts the conclusion necessarily is that the judgment should not be disturbed by this court.

There were no harmful errors of procedure. The judgment is therefore affirmed.

BROWNE, C. J., AND TAYLOR, J., concur.

WHITFIELD, J., Specially concurring.

ELLIS, J., not participating.

WHITFIELD, J., Concurring.—The action is for damages for the wrongful death of plaintiff's husband alleged to have been caused at a street crossing by the careless and negligent running of the defendant railroad

company's train.  A demurrer to the declaration was properly overruled since a cause of action was stated. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618; Jacksonville Electric Co. v. Schmetzer, 53 Fla. 370, 43 South. Rep. 85; Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, text 13, 28, 29 South. Rep. 541; Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, text 281, 74 South. Rep. 479; Tampa & J. R. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437.

A fatal injury to the plaintiff's husband "by running" of the train of the defendant "railroad company," having been shown under appropriate allegations, it was incumbent upon the "company to make it appear that" its employees "exercised all ordinary and reasonable care and diligence" to avoid the injury. If there was any appreciable negligence on the part of the defendant's employees within the allegations of the declaration, that proximately contributed to the injury complained of, the defendant is liable apportionately for "any damage done." Secs. 3148, 3149, Gen. Stats., 1906; Atlantic Coast Line R. Co. v. Pipkin, 64 Fla. 24, 59 South. Rep. 564.

If an employee of the defendant company and the plaintiff's decedent were "both at fault" in causing the injury, the plaintiff "may recover; but the damages shall be diminished" in proportion as the negligence attributable to the defendant company bears to the entire damage sustained.  Sec. 3149, Gen. Stats., 1906; Norfolk & W. R. Co. v. Earnest, 229 U. S. 114, 33 Sup. Ct. Rep. 654; Seaboard Air Line Ry. v. Tilghman, 237 U. S. 499, 35 *Sup.* Ct. Rep. 653; Atlantic Coast Line R. Co. v. Weir, 63 Fla. 69, 58 South. Rep. 641; Florida R. Co. v. Sturkey, 56 Fla. 196, 48 South. Rep. 34.

The declaration alleges that the "defendant carelessly and negligently propelled and ran its train against and upon" the decedent, killing him. There is substantial testimony that the train, without ringing the bell or blowing the whistle, approached the street crossing in the village over which crossing the decedent was passing in an automobile, and that the decedent was intently observing a cart he was meeting or else looking at a train approaching from the south, apparently not seeing the train that injured him coming from the north until too late to escape it. From the evidence it could be inferred that the train coming from the north may not have been visible to deecdent at a distance and that it gave no warning by bell or whistle or its approach while the decedent was giving attention to a train coming from the opposite direction, there being two tracks at the point. The track of the train which the decedent was observing was safely crossed by him, but in crossing the other parallel track the train thereon coming from the opposite direction fatally injured him. The instincts of self-preservation and the known disposition of men to avoid injury to themselves may support an inference of fact from the circumstances shown that the decedent exercised ordinary care. German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740.

Conflicts in the testimony, and the credibility of witnesses as to the essential facts affecting defendant's liability under the law, were determined by the jury in rendering a verdict of liability which has substantial evidentiary support, and there is nothing to indicate that the jury were not governed by the evidence and the law stated in the charges of the court, that were fair and not clearly erroneous as applied to the evidence under the issues.

The amount of the award does not indicate that the jury failed to diminish the damages in proportion as the decedent's negligence, if any, bears to the entire damage. Florida East Coast Ry. Co. v. Frederitzi, 77 Fla. 150, 81 South. Rep. 104.

This case in some essential features is quite unlike the cases of Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 South. Rep. 247; Seaboard Air Line Ry. v. Tomberlin, 70 Fla. 435, 70 South. Rep. 437; Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235; Tampa Electric Co. v. Bourquardez, 72 Fla. 161, 72 South. Rep. 668; Live Oak, P. & G. R. Co. v. Miller, 72 Fla. 8, 72 South. Rep. 283; Seaboard Air Line R. Co. v. Barwick, 51 Fla. 304, 41 South. Rep. 70; Louisville & N. R. Co. v. Padgett, 71 Fla. 90, 70 South. Rep. 998.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verditc is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding. Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562. See also Peacock v. Our Home Life Ins. Co., 73 Fla. 1207, 75 South. Rep. 799; City of Jacksonville. v. Glover, 69 Fla. 701, 69 South. Rep. 20.