DIRECTOR GENERAL OF RAILROADS, *Plaintiff in Error,* v. FANNY INTO, *Defendant in Error.*

Opinion Filed March 15, 1922.

1. In a transitory action, where the defendant does not contest the venue, but pleads to the merits, the court, having jurisdiction in such cases, may render a judgment in the cause that is binding on the parties.

2. As under the statute the widow may recover "such damages" as she "may have sustained by reason of the death of" her husband, the fact that there were minor children may be shown in evidence, since the loss of the husband's care and support of the children devolved that duty on the mother and that is a portion of the damages she sustained in the death of the father caused by the negligence of the defendant.

3. Under the statute mere contributory negligence does not bar, but reduces the amount of a recovery, for a negligent injury by the running of a train of a railroad company.

4. Where the evidence does not show that a decedent's death was "caused by his own negligence," so as to preclude a recovery under the statute, and there is negligence of the defendant railroad company as alleged, requested charges on the theory that the decedent's own negligence was the sole proximate cause of his death, are properly refused.

5. Where a decedent left three minor children, was earning about $200.00 per month and had a life expectancy of thirty years, a verdict for $15,000.00, in view of the rights of the wife and of the evidence as to decedent's care of his family, is not clearly excessive in amount even though the decedent's negligence contributed to the injury.

6. A defendant in an action for negligence cannot lawfully be charged with liability in damages for an alleged negligent injury of a nature that could not reasonably have been foreseen or contemplated as a probable result of the act or omission complained of.

7. It cannot justly or fairly be said that a railroad company could not reasonably have contemplated that the running of a train through a town at an unlawful and, considering the ordinary conditions of human activities in a town, at an excessive rate of speed, would not probably result in a fatal injury to a pedestrian crossing a street over which the railroad track passes.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*Robt. H. Anderson* and *Scott M. Loftin,* for Plaintiff in Error;

*A. H. & Roswell King,* for Defendant in Error.

WHITFIELD, J.—In an action brought under the statute by the widow against the Director General of Railroads, to recover "such damages as" she "may have sustained by reason of the death" of her husband, Julius Into the declaration alleges that on February 28, 1920, "the defendant carelessly and negligently propelled and ran a railroad engine or train against and upon the said Julius Into with great force and violence, whereby said Julius Into was then and there killed by and through the carelessness and negligence of said defendant." See Secs. 4960, 4961, 4964, 4965, Rev. Gen. Stats. 1920. The Director General by counsel filed a plea of not guilty. This gave the court jurisdiction of the defendant although the action was not brought in the county where the plaintiff resided, or where the cause of action arose as required by the Federal regulation (Alabama & V. Ry. Co. v. Journey, 42 Sup. Ct. Rep. 6, Nov. 7, 1921), or in the county where the cause of action accrued as required by the State statute. Sec. 2579, Rev. Gen. Stats. 1920; Curtis v. Howard, 33 Fla. 251, 14 South. Rep. 812; Baker & Holmes Co. v. Indian River State Bank, 61 Fla. 106, 55 South. Rep. 836; Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South. Rep. 507; Santa Rosa County v. Trobuck, 77 Fla. 86, 80 South. Rep. 748; Nettles v. Gulf Fertilizer Co., 78 Fla. 490, 83 South. Rep. 298.

In a transitory action, where the defendant does not contest the venue, but pleads to the merits, the court, having jurisdiction in such cases, may render a judgment in the cause that is binding on the parties. See Bucki v. Cone, 25 Fla. 1, 6 South. Rep. 160; Curtis v. Howard, 33 Fla. 251, 14 South. Rep. 812; St. Louis & S. F. Ry. Co. v. Mc-

Bride, 141 U. S. 127, 11 Sup. Ct. Rep. 982; Texas & P. Ry. Co. v. Griffin, 151 U. S. 105, 14 Sup. Ct. Rep. 259; United States v. Hvoslef, 237 U. S. 1, 35 Sup. Ct. Rep. 459; 27 R. C. L. 783, 801; State ex rel. Stephens v. District Court, 43 Mont. 571, 118 Pac. Rep. 268, Ann. Cas. 1912C 343; 22 Ency. Pl. & Pr. 815; Little v. Chicago, St. P. M. & O. Ry. Co., 65 Minn. 48, 67 N. W. Rep. 846; 40 Cyc. 113.

Writ of error was taken to a judgment awarding the plaintiff $15,000.00 damages.

As under the statute the widow may recover "such damages" as she "may have sustained by reason of the death of" her husband, the fact that there were minor children may be shown in evidence, since the loss of the husband's care and support of the children devolved that duty on the mother and that is a portion of the damages she sustained in the death of the father caused by the negligence of the defendant. See Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, 55 South. Rep. 83.

In Seaboard Air Line R. Co. v. Barwick, 51 Fla. 304, 41 South. Rep. 70; Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 South. Rep. 247; Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235; Seaboard Air Line Ry. v. Tomberlin, 70 Fla. 435, 70 South. Rep. 437; Louisville & N. R. Co. v. Padgett, 71 Fla. 90, 70 South. Rep. 998; Live Oak, P. & G. R. Co. v. Miller, 72 Fla. 8, 72 South. Rep. 283; Tampa Electric Co. v. Bourquardez, 72 Fla. 161, 72 South. Rep. 668; Wade v. Louisville & N. R. Co., 54 Fla. 277, 45 South. Rep. 472, the person injured or killed was upon the railroad track with full opportunity to know and appreciate the immediate danger, and as it affirmatively appeared that no negligence of the defendant company proximately contributed to the injury, recovery was

denied under the statute, the injury having been "caused by" the plaintiff's or decedent's "own negligence." Sec. 4965, Rev. Gen. Stats. 1920.

In this case the decedent was killed by an engine draw· ing a caboose and going south through a municipality. The decedent was to take a train that was due to come a little later from the opposite direction, which train would stop only if flagged. When last seen alive the decedent, who had taken several drinks of moonshine liquor, was crossing a street ahead of the engine that killed him, going towards the southwest apparently without knowing of the approach of the engine from the north, his attention being diverted to the opposite direction from which direction the train he expected to take was to come, and the evidence indicating that the engine was moving at high speed and that no whistle or bell was sounded as the engine ap· proached decedent on the street crossing. See Seaboard Air Line Ry. Co. v. Good, 79 Fla. 589, 84 South. Rep. 733.

There is nothing to indicate an intended self destruction. The testimony shows an effort of the decedent to avoid the impact upon realizing the impending danger. The attention of the decedent being diverted to the opposite direction he may not have heard the running noise or appreciated the danger of the approaching engine and car and of course did not know of its high speed. The street lights and the engine lights may have misled or con· fused the decedent.

It is conceded that the train was running at an unlawful rate of speed through the town if the track was on a "traveled street." The engine was certainly crossing a street in the town on which the decedent was walking. The testimony warranted a finding that the speed of the engine and caboose was excessive under the circumstances, inde-

pendently of the law limiting the speed on a "traveled street" in the municipality to twelve miles an hour. See Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235. Even if the unlawful and excessive rate of speed of the engine and car attached to it and the absence of signals were not shown as negligence of the defendant, yet under the statute, upon the proof of injury by the operation of a railroad train, a presumption of defendant's negligence arose and the defendant had the burden of showing that his employees in fact were not negligent in causing the injury. Seaboard Air Line Ry. v. Callan, 73 Fla. 688, 74 South. Rep. 799; Atlantic Coast Line R. Co. v. Pitkin, 64 Fla. 24, 59 South. Rep. 564; Florida East Coast R. Co. v. Carter, 67. Fla. 335, 65 South. Rep. 254; Butler v. Southern R. Co., 63 Fla. 95, 58 South. Rep. 225. See also Hammond v. Jacksonville Electric Co.. 66 Fla. 145, 63 South. Rep. 709, and Johnson v. Atlantic Coast Line R. Co., 59 Fla. 302, 51 South. Rep. 851. If the dece· dent was merely negligent in being on the track at the particular instant, the negligent speed of the train reason· ably might have contributed to the causes resulting in the injury, by rendering it impossible for the decedent to get off the track he was crossing in time to avoid injury even if he knew of the approach of the engine; and under the statute regulating the liability of railroad companies, the plaintiff's negligence reduces but does not prevent re- covery, when the defendant is also negligent. There was a legal basis in the pleadings and evidence for a finding by the jury that the unlawful and excessive and consequently negligent rate of speed of the train in the town and a failure to give warning at the street crossing were a par- ticipating proximate cause of the injury. The verdict in- dicates such a finding. The evidence does not affirma- tively show that the decedent's death was "caused by his

own negligence'' so as to preclude a recovery under the statute (Sec. 4965, Rev. Gen. Stats. 1920), and requested charges on the theory that the decedent's own negligence was the sole proximate cause of his death were not erroneously refused in view of the evidence as to the absence of signals and of the excessive speed of the train and of all the evidence and the language of the charges as requested. Contributory negligence reduces, but does not bar a recovery of the damages for a negligent injury by a railroad train.

As the decedent left three minor children, was earning about $200.00 per month and had a life expectancy of thirty years, the verdict, in view of the rights of the wife and of the evidence as to deecdent's care of his family, is not clearly excessive in amount even though the decedent's negligence contributed to the injury. Florida East Coast R. Co. v. Frederitzi, 77 Fla. 150, 81 South. Rep. 104; Seaboard Air Line Ry. Co. v. Good, 79 Fla. 589, 84 South. Rep. 773; Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338; Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South. Rep. 270.

The principle announced in Atchison, T. & S. F. R. Co. v. Calhoun, 213 U. S. 1, 29 Sup. Ct. Rep. 321, that a defendant in an action for negligence can not lawfully be charged with liability in damages for an alleged negligent injury of a nature that could not reasonably have been foreseen or contemplated as a probable result of the act or omission complained of, should not be invoked in this case. It cannot justly or fairly be said that the defendant could not reasonably have contemplated that the running of a train through a town at an unlawful and, considering the ordinary conditions of human activities in a

town, at an excessive rate of speed, would not probably result in an injury of the nature here shown.

In the Calhoun case no negligence of the defendant that proximately contributed to the injury was shown, since it was held to be not negligence to leave a truck where a person, running to catch a train to put on it a child he had in his arms, fell over the truck, which was at a point where ordinarily no passengers got on or off the cars.

In this case an unlawful and excessive rate of speed is in effect conceded, and the evidence justifies a finding that the bell was not rung on approaching the street crossing as is required by the statute. Sec. 4529 Rev. Gen. Stats. 1920. The jury on supporting evidence and under not unfair charges, in effect found that the excessive speed and the lack of proper signals were a proximate cause of the injury; and under the statute the defendant is liable in proportionate damages even though there was contributory negligence.

No fundamental or harmful errors of procedure appear.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.