HOBSON, Judge.
The appellant, plaintiff below, appeals a final judgment in her favor and against the appellees, defendants below.
The sole question presented on this appeal is whether or not under the Florida Wrongful Death Statute, F.S.A. §§ 768.01-768.02, a widow is entitled to recover the loss of support for her minor dependent child fathered by the deceased.
The trial judge struck from the appellant’s complaint her claim for the loss of “financial support that her husband would have provided for the child of their marriage during the period of her minority.” The trial court also refused to instruct the jury that the appellant was entitled to recover for the loss of financial support of the minor child of appellant and deceased during the child’s minority.
In conformity with the trial court’s rulings set out above, the appellees’ counsel on *7 numerous occasions in his final argument to the jury stated that his clients were not responsible for the loss of financial support that the deceased would have provided for the minor child during the period of her minority. Conversely, the appellant’s counsel could not and did not argue that the appellant was entitled to recover such damages.
The parties have not cited nor have we found any Florida case which rules directly on the specific question involved herein. The appellees rely on the cases of Florida Central & P. R. Co. v. Foxworth, 1899, 41 Fla. 1, 25 So. 338; Dina v. Seaboard Air Line Ry. Co., 1925, 90 Fla. 558, 106 So. 416; Southern Utilities Co. v. Davis, 1922, 83 Fla. 366, 92 So. 683; Seaboard Air Line Ry. Co. v. Martin, Fla.1952, 56 So.2d 509; and Park v. Belford Trucking Co., Fla.App.1964, 165 So.2d 819.
The Dina case, supra, sets out the damages to which the widow is entitled but it does not appear from the opinion that there were minor children of the widow and deceased. The elements of the widow’s claim for damages as expressed in Dina, supra, at pages 416^117 of 106 So., are as follows:
“The widow’s claim for damages for the death of her husband by the wrongful act of another is based on the following elements: (1) Her loss of the comfort, protection, and society of the husband in the light of all the evidence in the case relating to the character, habits, and conduct of the husband as such. (2) The marital relations between the parties at the time of and prior to his death. (3) His services, if any, in assisting her in the care of the family. (4) The loss of support which the husband is legally bound to give the wife, and which is based on his probable future earnings and other acquisitions. (5) The station in society which his past history indicates that he would probably have occupied and his reasonable expectations in the future, such earnings and acquisitions to be estimated upon the basis of deceased’s age, health, business capacity, habits, experience, and energy, and his present and future prospects for business success at the time of his death — all of these elements to be based upon the probable joint lives of the widow and husband. (6) She is also entitled to compensation for loss of whatever she might reasonably have expected to receive in the way of dower or legacies from her husband’s estate in case her life expectancy be greater than his — the sum total of all these elements to be reduced to a money value, and its present worth to be given as damages.”
The only case relied upon by appellees in which it is evident from the opinion that there were minor children of the widow and deceased involved is Seaboard Air Line Ry. Co. v. Martin, supra. In that case the court merely quoted those damages set forth in the Dina case, supra, and did not rule specifically on the question directly confronting us herein. The question facing the court in the Martin case, supra, was the sufficiency of the evidence upon which the jury could assess damages. Therefore, the Martin case does not control the question before us.
We hold that under the Florida Wrongful Death Statute, F.S.A. §§ 768.01-768.02, an element of damage to be considered by the jury in assessing damages for a widow with a minor child or children fathered by the deceased is the loss of financial support that her husband would have provided for the child or children of their marriage during the period of the child or children’s minority.
In the case of Director General of Railroads v. Into, 1922, 83 Fla. 377, 91 So. 269, on page 270, the Supreme Court of Florida stated:
“As under the statute the widow may recover ‘such damages’ as she ‘may have sustained by reason of the death of’ her husband, the fact that there were minor children may be shown in evidence, since the loss of the husband’s care and support of the children devolved that duty on *8 the mother, and that is a portion of the damages she sustained in the death of the father caused by the negligence of the defendant.” (emphasis supplied)
We are not unmindful that the question before the court in Into, supra, was whether or not the widow may introduce into evidence the fact that there were minor children surviving of the widow and the deceased. We do, however, interpret the law of the State of Florida to be that since the loss of the husband’s care and support of the children devolves that duty upon the mother it is a portion of the damages she sustained in the death of the father.
Reversed and remanded for new trial on the question of damages only.
SHANNON, Acting C. J., and SILVER-TOOTH, LYNN N., Associate Judge, concur.