FAIRCHILD *v.* DETROIT, GRAND HAVEN & MILWAUKEE
RAILWAY CO.

1. RAILROADS—NEGLIGENCE—ORDINANCES—SPEED OF TRAIN.

In action against railroad company for negligent killing of
plaintiff's decedent in crossing accident, ordinance regulating
speed of trains between street and depot was not rendered
irrelevant by reason of fact that accident did not happen
within designated territory, since obvious purpose was to
protect public on crossing as well as on tracks between there
and depot.

2. SAME—CROSSING ACCIDENT—QUESTION FOR JURY.

Evidence that train was violating ordinance regulating speed of
trains at time plaintiff's decedent was killed in crossing acci-
dent was sufficient to render question of railroad company's
negligence one for jury.

3. SAME—PROXIMATE CAUSE.

Whether violation of ordinance regulating speed of trains was
proximate cause of crossing accident resulting in death of
plaintiff's decedent, *held,* question for jury.

4. SAME—MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE OF PASSEN-
GER.

Passenger in automobile approaching railroad crossing is charge-
able in law with exercise of such care for his safety as an
ordinarily prudent person would exercise under like circum-
stances.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PRESUMPTION OF DUE
CARE.

Presumption which prevails in absence of testimony to con-
trary that one accidentally killed was free from contributory
negligence is based on common knowledge that one will ordi-
narily exercise such care as is requisite for his own safety.

6. RAILROADS—PRESUMPTION OF FREEDOM FROM CONTRIBUTORY NEGLI-
GENCE.

Presumption that decedent was free from contributory negli-
gence prevails in absence of testimony as to what he did or
said to warn driver of danger in crossing railroad tracks, al-

---

As to care required of driver of automobile at railroad crossing,
see annotation in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924;
46 L. R. A. (N. S.) 702.

On violation of ordinance as to speed of train at crossing as ground
for private action, see annotation in 5 L. R. A. (N. S.) 197.

though witnesses testified as to what they saw and heard on other phases of accident.

7. NEGLIGENCE—MOTOR VEHICLES—NEGLIGENCE OF DRIVER NOT IMPUTABLE TO MINOR.

Negligence of which automobile driver may have been guilty in driving onto crossing in front of approaching train, resulting in death of minor riding with him, is not imputable to minor.

8. MOTOR VEHICLES—PASSENGER—CONTRIBUTORY NEGLIGENCE— QUESTION FOR JURY.

Whether guest or passenger in motor vehicle exercises due care for his own safety is usually question for jury under all the evidence.

9. NEGLIGENCE—EYEWITNESSES—PRESUMPTION OF FREEDOM FROM CONTRIBUTORY NEGLIGENCE.

Rule that presumption of freedom from contributory negligence does not apply where there are eyewitnesses to the accident is applicable only when eyewitnesses are able to throw light on question as to whether deceased did those things which, under the circumstances, constituted exercise of due care.

WIEST, C. J., and BUTZEL and CLARK, JJ., dissenting.

Error to Oakland; Doty (Frank L.), J.  Submitted October 23, 1929.  (Docket No. 43, Calendar No. 34,570.)  Decided April 7, 1930.  Rehearing denied June 2, 1930.

Case by William J. Fairchild, administrator of the estate of Virgil Fairchild, deceased, against the Detroit, Grand Haven & Milwaukee Railway Company, a Michigan corporation, for the alleged negligent killing of plaintiff's decedent.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*Clement E. Miner* and *Pelton & McGee,* for plaintiff.

*Leo J. Carrigan* (*M. H. Bishop* and *R. R. Weaver,* of counsel), for defendant.

NORTH, J.  This suit arises out of a crossing accident in the village of Holly at the intersection of

defendant's railroad tracks with Oakland street. The accident resulted in the death of plaintiff's son, Virgil Fairchild, who was then 17 years of age. Plaintiff recovered $12,500. Defendant reviews on writ of error.

The point of accident was a substantial distance within the village limits of Holly. Oakland street does not cross defendant's tracks at right angles, but nearly so; and at this point extends in a northeasterly and southwesterly direction. Defendant's passenger train was coming into the village from a northwesterly direction. Plaintiff's decedent and his brother were riding in a Ford roadster driven by Lawrence Lambert, who was 19 years old. The three occupied the one seat. The automobile approached the tracks from a northeasterly direction; and from the time it was within 100 feet of the crossing was not running to exceed 15 or 18 miles per hour. When 127 feet from the crossing the occupants of this car could have seen defendant's railroad tracks in the direction from which the train was coming a distance of 320 feet; and from the time when they were within 60 feet of the crossing they could have seen the train approaching for a distance of three-quarters of a mile. Just before reaching the point of the accident, defendant's train passed through something of a cut, but its depth was not sufficient to prevent one from seeing the locomotive or cars. This accident happened in daylight hours. The testimony as to the rate of speed at which the defendant's train passed over this crossing varies from 15 to 25 miles an hour. The automobile was struck near the center of the highway and all three occupants were killed. The approach of the automobile to the point of collision was observed by the defendant's fireman and

by other witnesses who were not in the employ of the railroad company. Defendant's depot was in a southeasterly direction from the Oakland street crossing; and there was a village ordinance which provided that between this street and the depot defendant should not operate its passenger trains in excess of 15 miles per hour. From his position in the cab the engineer could not see this automobile in the direction from which it was approaching; but the impact when the collision occurred indicated to him that something had happened. At this time the fireman called to him and he at once changed his brakes from service position to emergency. There is testimony that the engine ran from 400 to 800 feet beyond the crossing before stopping.

The case as submitted to the jury involved both the issue of defendant's negligence and the contributory negligence of Virgil Fairchild. Defendant's alleged negligence related to failure to keep a proper lookout and the train's rate of speed. The question of proximate cause was also submitted to the jury.

The defendant contends that because the ordinance above mentioned applied only to the rate of speed between Oakland street and the defendant's depot the accident did not happen within the territory where the train's speed was limited by the ordinance, and therefore this provision was wholly irrelevant. We think this is too narrow a construction of an ordinance of this character. *McKernan* v. *Railway Co.*, 138 Mich. 519, 524 (68 L. R. A. 347). Its obvious purpose was to protect the public on this particular crossing as well as on defendant's tracks between there and the depot. The fixed maximum rate of speed beginning at Oakland street and extending therefrom in a southeasterly direction neces-

sarily controlled the rate of speed at which defendant's trains might lawfully approach the crossing in coming from a northwesterly direction. Violation of the ordinance, thus construed, constituted evidence of defendant's negligence, and made this phase of the case a question of fact for the jury.

Defendant also contends that the proximate cause of the death of Virgil Fairchild was the negligence of Lawrence Lambert in the manner of driving the automobile. Plaintiff's counsel admit that this case must be disposed of on the theory that Lawrence Lambert was guilty of negligence which contributed as a cause to this accident. But, as indicated above, there is also evidence in the record that the rate of speed at which defendant's train was going constituted negligence. It cannot be said as a matter of law that this negligence on the part of the defendant was not a proximate cause of the accident. There is evidence tending to prove that the death of plaintiff's decedent was caused by the concurrent negligence of both Lawrence Lambert and the defendant. A right of action arose against each of them, subject only to the possible defense of contributory negligence on the part of Virgil Fairchild. Defendant's contention that there is no evidence that its negligence, if any, in running its train at an unlawful rate of speed, was the proximate cause of this accident, cannot be sustained. An issue of fact was presented, and the question of proximate cause was for the jury.

Defendant's counsel have stressed the claim that plaintiff's decedent was chargeable with contributory negligence as a matter of law. He was a passenger or invitee riding in the automobile driven by Lawrence Lambert. Plaintiff's decedent was charged in law with the exercise of such care for his safety

as an ordinary person would have exercised under like circumstances. Justice Steere ably set forth the law as to what is required of such an invitee and has cited authorities in *June* v. *Railway Co.,* 232 Mich. 449. We will not here again discuss the subject. Much said in appellant's brief would be of convincing and controlling force if plaintiff's decedent had been the driver of the automobile; but not so of the plaintiff's decedent as a minor occupant of a car driven by another. There is no testimony from which it can be said that plaintiff's decedent did or did not exercise such care as an ordinarily prudent and careful person would have exercised under like circumstances. For aught we know, he may have timely observed the approaching train and warned the driver of the automobile not to attempt to pass in front of it, but that the warning thus given was disregarded. As the invited occupant of an automobile driven by another, he could hardly be required by law to have done more. There were no witnesses who saw or heard anything that would throw light upon this phase of the case. That there were witnesses who saw and heard things which would enlighten us on other phases of this unfortunate accident is not at all helpful on the question of contributory negligence of Virgil Fairchild. The presumption which prevails in the absence of testimony to the contrary that one accidently killed was not guilty of contributory negligence is based on the common knowledge of mankind that one will ordinarily exercise such care as is requisite for his own safety. No witness in this case was able to give any testimony which tended to sustain a contrary conclusion as to plaintiff's decedent. The law presumes that he exercised reasonable care. *Gillett* v. *Traction Co.,* 205 Mich. 410. He was a minor, and

the law does not impute to him the negligence of which Lawrence Lambert may have been guilty in driving this Ford roadster. See *Michelsen* v. *Railway Co.*, 247 Mich. 383, and cases cited.

*Donlin* v. *Railway Co.*, 198 Mich. 327, is so similar in the facts involved that we might adopt as applicable here the following words of Justice Fellows, who, writing for the court, said:

"Plaintiff, so far as the proof discloses, in no way controlled the operation or movement of the automobile; no act of his, or failure to act on his part, is pointed out which shows contributory negligence on his part, and we have already shown that the driver's contributory negligence is not imputable to him.

"We have, therefore, before us in the final analysis a case of injury to plaintiff which a jury would be authorized in finding was produced through the concurrent and contributing negligence of defendant railway company and the driver Rugg, the negligence of the driver not being imputed to plaintiff. Where there are several tortfeasors, more than one negligently contributing to the injury, an action may be maintained against them jointly or severally."

*Frederick* v. *Railway Co.*, 5 Pa. Dis. & Co. Rep. 556, is also a case arising from very similar facts, and presents this same question of law. While the decision is not one of a court of last resort, it merits consideration. The syllabus is as follows:

"In an action against a railroad company for the death of a person at a crossing while riding in an automobile, where it appears that the deceased was riding alone with the driver, who was also killed, and there is nothing to show whether the deceased was an employee, a paying passenger or a guest, and there is also nothing to show what he did or said

at the time of the collision, the presumption is that he did what he ought to have done as to warning the driver, and he cannot be charged as a matter of law with contributory negligence.''

See, also, *Chabot* v. *Pierce,* 121 Me. 591 (117 Atl. 587); *Bradley* v. *Railway Co.,* 191 Iowa, 1351 (183 N. W. 493); *Weidlich* v. *Railroad Co.,* 93 Conn. 438 (106 Atl. 323); and *Salter* v. *Railway Co.* (Tex. Civ. App. 1926), 285 S. W. 1112, in which the driver of an automobile and three young girls were killed outright in a railroad crossing accident. The defendant asserted as a defense contributory negligence of plaintiff's decedent who was one of the three guests of the driver. All four were riding in the front seat. The court said:

''No witness testified to seeing her or any one of the other three occupants of the car, as it approached the railroad crossing, look either away from or toward the train, or do or not do any other act indicating indifference to their own safety, nor did any one of the four live to directly tell the story of the tragedy. How then did the jury—bound as they were under the court's charge to gauge the quality of this young girl's acts solely by what she herself did or did not do—determine that she did not in fact see that train coming in time to have notified the young boy driver so that he could have stopped his automobile soon enough to avoid the collision? * * * There being thus no testimony whatever touching the matter, the answer must be by conjecture, surmise, or inference alone.''

The question of whether a guest or a passenger in a motor vehicle exercises due care for his own safety is usually a question for the jury under all the evidence. Blashfield's Cyc. of Auto Law, 1109, citing

many cases, including *Emery* v. *Ford,* 234 Mich. 11.
There are many cases holding that the presumption
of exercising due care does not apply where there
are *eyewitnesses to the accident.* But, if we are to
preserve and apply the reason underlying this pre-
sumption, we must hold that the language used in
such opinions cannot be too literally construed, and
that·"eyewitnesses" to the accident must be held to
mean those who have knowledge of some fact or cir-
cumstance which throws light upon the question as
to whether or not the deceased did those things
which under the circumstances constituted the ex-
ercise of due care. In submitting to the jury the
question of contributory negligence of plaintiff's
decedent, the trial court's conduct of this case was
fully as favorable to the defendant as it could right-
fully ask.

Twenty assignments of error relate to the charge
to the jury or refusal to charge as requested by
appellant. Part of these assignments raise ques-
tions already covered by this opinion. We have con-
sidered the other assignments of error, but find in
them nothing justifying a reversal of the judgment
entered in the circuit court. The case is affirmed,·
with costs to the appellee.

McDONALD, POTTER, SHARPE, and FEAD, JJ., con-
curred with NORTH, J.

WIEST, C. J. (*dissenting*). I cannot concur.

Two boys, riding in an automobile, were killed
by a train at a street crossing in the village of Holly.
The train, as it approached the crossing, was in plain
view of the boys, and it was careless to drive upon
the track. Plaintiff's decedent was one of the boys,
but not the driver of the car. The circumstances
of the accident were described by an eyewitness.

It was the duty of plaintiff's decedent to note the approach of the train, and we may infer that he did so. If he performed that duty, then the danger was apparent to him if the car continued its course, and it was his duty to warn the driver. It is not permissible to base an inference upon an inference. From the established facts we may indulge the inference that plaintiff's decedent saw the train and realized the danger, but may not, upon such inference, base another inference that he warned the driver in time to avoid the accident, and then, on this inference, draw still another, that the driver paid no attention to the warning, and, therefore, the accident happened by reason of the concurrent negligence of the railroad company and the driver of the car, despite due care exercised by plaintiff's decedent.

I think the judgment should be reversed without a new trial.

BUTZEL and CLARK, JJ., concurred with WIEST, C. J.