## STRINGFELLOW v. ATLANTIC COAST LINE R. CO.*

No. 71. Argued November 14, 1933.—Decided December 4, 1933.

---

* Together with No. 95, *Atlantic Coast Line R. Co.* v. *Stringfellow,* certiorari to the Circuit Court of Appeals for the Fifth Circuit.

*Mr. Wm. C. McLean*, with whom *Mr. Doyle Campbell* was on the brief, for Stringfellow.

*Mr. McKinney Barton*, with whom *Messrs. James R. Bussey, F. Barron Grier*, and *W. E. Kay* were on the brief, for the Atlantic Coast Line R. Co.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Guy Stringfellow and two of his minor children, who were riding with him in an automobile, lost their lives as the result of a collision with a train of the Atlantic Coast Line Railroad at a right-angled level crossing in Dunedin, Florida. His widow instituted five actions in the District Court for Southern Florida, one as widow to recover for the death of her husband; two as widow for the loss of the services of the deceased children; and two as administratrix of the children. The cases were consolidated for trial, and verdicts were directed for the defendant in all of them. Separate judgments were entered. Upon appeal, the Circuit Court of Appeals affirmed the judgment in the action for the death of the husband, but reversed and remanded for new trials in the remaining cases.

There was conflicting testimony as to the speed of the train and the sounding of warnings of its approach, but verdicts were, nevertheless, directed because the trial judge. thought the evidence permitted of no conclusion but that Stringfellow's negligence in driving up to and across the railroad tracks, with the approaching train in full view, when he could have stopped and avoided the collision, was the sole proximate cause of the casualties. A majority of the Circuit Court of Appeals, upon a re-examination of the evidence, concurred with the trial court so far as the husband's case was concerned, but found that in the actions brought on account of the children's deaths. there was room for a finding by a jury that the negligence of the husband and that of the railroad's employees concurred in bringing about the disaster. The dissenting judge thought the train crew's negligence concurred with Stringfellow's in causing the collision, and therefore, all of the cases presented a question for the jury. The widow petitioned for the writ of certiorari in the action for the husband's death, and the company in the cases relating to the children; and the prayers of both were granted.

The applicable rules are not those of the common law (as to which compare *Miller* v. *Union Pacific R. Co.,* decided this day, *ante,* p. 227) but are declared by the Compiled General Laws of Florida, which are: .

" § 7051. A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence; the presumption in all cases being against the company.

" § 7052. No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

Under decisions of the Supreme Court of Florida construing and applying these statutes, the railroad may overcome the presumption created by § 7051 and defeat recovery in all the actions by establishing that the injury was caused solely and proximately by the negligence of the husband. This was the unanimous holding of the Circuit Court of Appeals, and counsel do not dispute its accuracy. Applying this rule, the majority said [64 F. (2d) 173, 174]: " It is appellee's contention that the presumption of its negligence, which arose under that section [7051], upon proof of the injuries as alleged, was overcome by further proof which disclosed that those injuries were caused solely by the negligence of the injured persons, and that the case presented is not one which calls for the application of the rule prescribed in Section 7052 for apportionment of damages, because no fault was attributable to it." And further: "A careful and prudent driver of an automobile would not under the circumstances have undertaken to drive over the crossing in front of the approaching train. Notwithstanding Section 7052, he could not have recovered for an injury, and so recovery cannot be had on account of his death."

As respects the actions brought for the children's deaths, the majority held that the jury should have been allowed to decide whether the negligence of their father concurred with that of the railroad to bring about the injurious result.

On its face the opinion is inconsistent, for under the second clause of § 7052, if the husband's negligence were concurrent with that of the railroad's employees the plaintiff might recover, although her damages would be diminished by reason of the concurring negligence of the decedent. In order to defeat her, it must be found that his negligence was the sole proximate cause of his death. But if that be found, it is impossible to understand how the same negligence could be a concurring and proximate cause with the negligence of the train crew in bringing about the deaths of the children. And the converse is true; for if both concurrently participated in causing the accident, it is impossible to see how the negligence of either could be the sole proximate cause of the result.

Plainly one of the two holdings is erroneous; but it is not our province to examine the testimony and determine which is correct. This should be done below. The judgments are reversed and the cases remanded to the Circuit Court of Appeals with instructions to determine whether the evidence justified the direction of verdicts on the ground that the deceased husband's negligence was the sole proximate cause of the collision, or required a submission of that question, and the question of concurrent negligence to the jury; and to enter judgments accordingly.

*Reversed.*