## PANAMA R. CO. v. DAVIES.*

### No. 7758.

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1936.

Herbert Lloyd Porter, of Balboa Heights, Canal Zone, and John O. Collins, of Ancon, Canal Zone, for appellant.

Richard G. Levy, of Ancon, Canal Zone, for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is taken from a judgment for damages for a death caused by negligent injury inflicted on November 4, 1933, in the Canal Zone. The bill of exceptions contains no evidence and no general recital of the effect or tendency of it. The exceptions reserved and now insisted on relate only to instructions to the jury given and refused touching the negligence of the defendant and of the person for whose death the suit was brought. From the earliest times it has been held that abstract principles are not to be charged, but such charges only are to be given as are supported by the evidence and are appropriate to the case. Hamilton v. Russell, 1 Cranch, 309, 2 L.Ed. 118; Irvine v. Irvine, 9 Wall. 617, 618, 19 L.Ed. 800; Dwyer v. Dunbar, 5 Wall. 318, 18 L.Ed. 489; Merchants Insurance Co. v. Baring, 20 Wall.

*Rehearing denied May 2, 1936.

159, 22 L.Ed. 250. Our rule X (2) limiting the evidence in a bill of exceptions to so much as may be necessary to present the questions of law involved does not dispense with all the evidence when trial rulings are challenged. Instructions requested may have been refused for some want of adjustment to the evidence. Those given, even if in some respects inaccurate, may have been harmless. Some statement of the evidence to which instructions relate is generally requisite to a consideration of error respecting them. Worthington v. Mason, 101 U.S. 149, 25 L.Ed. 848; Phoenix Life Ins. Co. v. Raddin, 120 U.S. 183, 184, 7 S.Ct. 500, 30 L.Ed. 644; New York, L. E. & W. R. Co. v. Madison, 123 U.S. 524, 8 S.Ct. 246, 31 L.Ed. 258. We would be well justified in affirming this judgment without further examination. One point, however, and the main one argued, we are urged to decide as fairly made, though without express certification of the evidence relating to it. The declaration alleges that the deceased stepped off the edge of the Panama Railroad Company's pier in the Canal Zone while looking after a loading by night of freight, and was killed, due wholly to the railroad company's negligence in not sufficiently lighting the pier to make it safe. Ten thousand dollars damages were claimed. The answer denies nearly everything, and affirms that the pier was properly lighted and safe, and if deceased fell it was due entirely to his negligence. The verdict is for $7,000. The bill of exceptions shows that the court over objection charged in substance that if deceased was negligent and his negligence contributed to cause his death the suit would not be defeated, but the damages should be reduced in proportion to the negligence to be imputed to the deceased. Appellant contends that we must assume that there was evidence to show negligence on the part of the deceased, since the judge charged on that subject, and that having charged on it he was bound to charge correctly, the correct law being that contributory negligence bars recovery. In view of the nature of the case as disclosed by the pleadings and the amount of the verdict, we will examine the point of law, the more readily since no different judgment will be reached.

■ The law of the Canal Zone at the time of the occurrence in question is stated in section 595 of the Civil Code of the Canal Zone which became of force October 1, 1933, now appearing as section 977 of the Civil Code of the Canal Zone of 1934, as follows: "Want of ordinary care on the part of the injured person shall not bar a recovery, but the damages shall be diminished by the court or jury in proportion to the want of ordinary care attributable to such person."[1] The English common law that contributory negligence bars recovery has never been the law in the Canal Zone. Had the deceased been injured instead of killed, in his suit for damages his contributory negligence would not have defeated him but only reduced proportionately his recovery. In Panama R. Co. v. Rock, 266 U.S. 209, 45 S.Ct. 58, 69 L.Ed. 250, it was held that in the Canal Zone there was no civil liability for causing the death of a human. Congress then passed the Act of Dec. 29, 1926, 44 Stats. vol. 2, p. 927, material parts of which are copied in the margin,[2] now embraced in Code of Civil Procedure of the Canal Zone 1934, § 131. This statute, applying only to the Canal Zone, distinctly says that the liability to an action for death shall exist whenever any wrongful act or neglect would, if death had not

[1] In Nelson v. Jadrijevics (C.C.A.) 59 F.(2d) 25; Id. (C.C.A.) 68 F.(2d) 631, certiorari denied 292 U.S. 652, 54 S.Ct. 862, 78 L.Ed. 1501, we applied to a suit for personal injuries suffered in 1931 the substantially equivalent provision of article 2357 of the Civil Code of Panama which was repealed as to the Canal Zone by the Code of 1933, above mentioned.

[2] "Section 7. (a) Whenever by any injury done or happening within the Canal Zone the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured (or, in the case of a married woman, have entitled her or her husband, either individually or jointly) to maintain an action and recover damages in respect thereof, the individual who or corporation, company, or association which would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person injured, and even though the death shall have been caused under such circumstances as amount in law to a felony. * * *

"(d) In an action under this section the jury shall award such damages as it shall deem to be a fair and just compensation assessed with reference to the pecuniary injury, resulting from such death," etc.

ensued, have entitled the injured person to maintain a suit and recover damages in respect thereof. The right of the injured person to recover had he lived is made the test of the right to recover for his death. Since in the Canal Zone the injured person's contributory negligence would not defeat him, but would only reduce the recoverable damages, persons entitled to sue for his death would not be wholly defeated. But naturally and reasonably the damages for death ought to be affected by the contributory negligence of the deceased, and since it does not defeat recovery, it ought to reduce it according to the spirit of the law of the Canal Zone on that subject. The statute, Code Civ.Proc. § 131 (4), provides on the subject of damages that "The court or jury shall award such damages as it shall deem to be a fair and just compensation assessed with reference to pecuniary injury, resulting from such death. * * *" We consider this to be the measure when full damages are recoverable, but that in cases of contributory negligence by the decedent there should be a proportionate reduction of the damages, as the court in this case instructed the jury. Compare Florida Central & P. R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338, 339, 79 Am.St.Rep. 149; Stringfellow v. Atlantic Coast Line R. Co., 290 U.S. 322, 323, 54 S.Ct. 175, 78 L.Ed. 339; Id. (C.C.A.) 67 F.(2d) 1012; Artenberry v. Southern Ry. Co., 103 Tenn. 266, 52 S.W. 878.

Judgment affirmed.