## VAN ALLEN et al. v. ATLANTIC COAST LINE R. CO.

### No. 9118.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1940.

W. Raleigh Petteway, of Miami, Fla., for appellants.

John B. Sutton and G. L. Reeves, both of Tampa, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a guest in an automobile, brought this suit for damages suffered in a crossing collision between the automobile and appellee's railroad train. The claim was that the injuries were the direct and proximate result of the act of the defendant in "carelessly and negligently propelling and running its train against and upon the

automobile." The defense was not guilty. The evidence concluded, defendant moved for and obtained a directed verdict on the ground that the proximate cause of the injury was the negligence of the driver of the car in driving blindly across the railroad track, without stopping and looking or taking any other precaution against being struck by the train.

Appellant is here urging that under the Florida Statute [1] and the evidence, there was a jury issue as to defendant's negligence, and that the driver's negligence could not be imputed to her. The statute is relied on as furnishing a presumption that defendant was negligent and placing the burden on defendant of showing the absence of negligence. The evidence is relied on, negatively, as not showing that defendant had discharged this burden and, positively, as presenting a jury issue as to whether there was negligence in running the train too fast and in not giving the proper signals and maintaining the proper lookout. As to the statute, appellee cites Atlantic Coast Line v. Voss, 136 Fla. 32, 186 So. 199, 200, holding that "if any material evidence is offered, by the railroad company tending to show the exercise of ordinary and reasonable care and diligence on its part, the presumption vanishes * * * and is as if it were never in the statute." It insists that under the positive evidence as to the speed of the train, the signals given and the circumstances of the collision, the presumption vanished from the case. As to the evidence, it insists that in no reasonable view of it, could defendant be regarded as negligent, and that it clearly shows that the negligence of the driver of the automobile, in going on to the crossing without looking out for the approaching train, was the sole proximate cause of the collision.

We agree with appellee that the presumption the statute provides disappears upon proof of what occurred, and that there was full proof here as to the circumstances and cause of the collision. This proof is that at about 9:30 at night, the car in which appellant was riding, running at about 15 or 20 miles an hour, was driven on to the tracks without the driver or the guest looking for or taking any precautions to avoid being hit by the approaching train, though the driver was entirely familiar with the crossing and had been over it many times. At the place of the collision, there was a warehouse which obstructed the view in the direction from which the train was coming, until the car was within 44 to 54 feet of the track, and the driver without looking or listening, or taking any other precaution to see if a train was coming, or even slackening his speed after he passed the warehouse, drove on to the tracks and into collision with the train. The driver testified: "As we approached the crossing the headlight was right over my lights. Going South on 31st Street, there is a big, long feed building which makes a blind crossing, you cannot see anything until you get to it. Some distance back on 3rd Street and before reaching the tracks, there is a big sign board calling attention to the railroad crossing and also a sign calling attention to the fact that it is a double track and there is a street light." There were four tracks and the collision occurred on the third track. The weather was a little cool; the windows were open and he did not hear the train "although as a train approaches, whether it blows a whistle or not, it ordinarily makes a good deal of noise." "When the plaintiff screamed, I looked out the right window over her, and the train was right at me within ten feet." When he approached the crossing at 7th Avenue, the driver stopped for traffic and then proceeded right on and the first he knew of the train was when it was within ten feet of him. "I did not see the train until the plaintiff screamed. After I passed the building there was no obstruction looking down the track westerly which prevented me from seeing the train. When I first saw the train the front wheels of my automobile were on the first track." The plaintiff testified that she was riding with the driver on the front seat; "Both of us were smoking and we had the windows open. We did not hear any whistle blown or bell rung. I never saw or heard the train until I saw a light in my face. I did not look for the train before I saw the light. To

[1] "Liability of railroad company. A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Comp.Gen.Laws Fla.1927, § 7051.

782

tell the truth I didn't know the tracks were there. I did not look for the train and the first thing I saw was the light in my face. The train approached from my side of the automobile. All I know is, my uncle stopped at 7th Avenue and proceeded across and was running from ten to fifteen miles an hour when the light shone in our faces." In addition to this evidence, plaintiff offered the evidence of two police officers, that about a mile and a half from the scene of the accident, they saw the train and it was running at about 30 miles an hour. No one testified for the plaintiffs as to the speed at which the train was going when it approached the crossing and hit the automobile.

. Defendant offered testimony of persons near the track that they heard the train blow the whistle and could hear the noise of the train on the tracks, that the engineer was blowing his whistle, the train was rattling and the bell was ringing and the train was going around 20 miles an hour. The engineer and fireman testified that the train was running about 20 miles an hour, the bell was ringing and the whistle blowing. Thus, the record affirmatively acquits defendants of negligence in the matter of the signals, there being positive evidence that signals were given, and only the negative evidence of the two in the car, that they did not see or hear the train approaching, that they did not hear any signals.

■ Such evidence will not make an issue in Florida against the positive testimony that the signals were given. Florida East Coast R. Co. v. Davis, 96 Fla. 171, 117 So. 842; Southern R. Co. v. Mann, 91 Fla. 948, 108 So. 889; Seaboard Air Line R. Co. v. Myrick, 91 Fla. 918, 109 So. 193.

■■ The testimony that at about a mile away the train was observed to be going at about 30 miles an hour, does not, without more, make an issue of negligent operation as the proximate cause of the injury. We may assume that this, rather than 20 miles, was its speed and still there would be nothing to rest a verdict on, both because it is not shown that this speed was negligent and particularly because it is not shown by any evidence to have been or have had any relation to, the proximate cause of the injury. Upon the undisputed evidence, the proximate cause was the driving on to the tracks without stopping, looking or making any effort whatever, to ascertain whether a train was approaching. The Supreme Court of Florida has in repeated decisions, held that such conduct is the sole proximate cause of

an injury, barring recovery alike of driver and guest. Germak v. Florida East Coast R. Co., 95 Fla. 991, 117 So. 391; Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716; Covington v. Seaboard Air Line R. Co., 99 Fla. 1102, 128 So. 426; Egley v. Seaboard Air Line R. Co., 84 Fla. 147, 93 So. 170; Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 So. 247; Louisville & N. R. Co. v. Padgett, 71 Fla. 90, 70 So. 998.

There is no question here of negligence and contributory negligence as there was in Stringfellow's case, Stringfellow v. Atlantic Coast Line R. Co., 290 U.S. 322, 323, 54 S. Ct. 175, 78 L.Ed. 339; Id., 5 Cir., 64 F.2d 173; or Miller's Case, Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 385. We have here an injury solely caused by the reckless conduct of the driver of an automobile in going on to a track with full knowledge of its existence, without taking any precautions to look out for an oncoming train. Louisville & N. R. Co. v. Padgett, supra, and authorities supra. Cf. Louisiana & A. v. Jackson, 5 Cir., 95 F.2d 369; Pollard v. Davis, 5 Cir., 93 F.2d 193.

The judgment was right. It is affirmed.

