## SMITH et al. v. ATLANTIC COAST LINE R. CO.

### No. 10179.

Circuit Court of Appeals, Fifth Circuit.

May 8, 1942.

George Palmer Garrett and George B. Carter, both of Orlando, Fla., for appellants.

W. B. Parks and LeRoy B. Giles, both of Orlando, Fla., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

C. V. Smith was injured and Curtis Raymond was killed when the truck in which they were riding was struck by a passenger train at a grade crossing on Vine Street within the city limits of Kissimmee, Florida. Smith and the widow of Raymond filed suits for damages against the railroad company. The cases were consolidated and tried to a jury. At the close of all the evidence, the court, on motion, directed a verdict for the defendant, Atlantic Coast Line Railroad Company. The plaintiffs have appealed contending that the evidence was sufficient to carry the case to the jury, and that the court erred in refusing to permit the introduction in evidence of a certified copy of a city ordinance regulating the speed of trains.

We have reviewed the record and found the important facts to be these: Vine Street, a much traveled thoroughfare, runs east and west in the City of Kissimmee, and is intersected by the main line of the railroad which runs north and south. The truck in which Smith and Raymond were riding was traveling west along Vine Street as it approached the crossing. Smith was driving. Two box cars, on a siding east of the main line and near the north side of Vine Street, partially obstructed the view of the main line north of the crossing. Smith testified that he approached the crossing at a speed of from twelve to fifteen miles per hour; that the signal lights at the crossing were not flashing to warn of the approach of the train; that he did not hear the train coming; that he could not see all the way down the main line until he passed the box cars on the siding; that when he first saw the oncoming train, it was passing the south end of the box cars at a speed of from fifty to sixty miles per hour; that he applied the brakes, but saw that the truck would stop on the track; that he then released the brakes and tried to drive forward and get out of the way of the approaching train; and that the train hit the truck, and he remembered nothing more until he regained consciousness several days later in the hospital. Other witnesses testified that the automatic flashing signals were working at the time of the accident. Members of the train crew testified that the train approached the Vine Street crossing at a speed of forty miles per hour, and that the bell was ringing and the whistle was being blown. Other witnesses did not hear signals from the approaching train. Several witnesses testified that as the train approached the crossing it was running in excess of forty miles per hour; the speed of the train being placed by them at fifty, sixty, seventy, and eighty miles per hour. Certainly, the train was traveling at a high rate of speed

as it approached the much traveled city crossing.

■ The ordinance which was excluded by the court provided that trains should not be operated "between Vine Street on the North, and Bermuda Avenue on the South, within the corporate limits of the City of Kissimmee at a greater speed than twenty-five miles per hour * * *". The appellee contends that the ordinance did not cover the crossing in question, and that use of the word "between" operated to wholly exclude Vine Street. With this contention we do not agree. The very purpose of the ordinance was to regulate the speed of trains within the city. It was a saftey measure for the protection of the public. It would be extremely technical and illogical to say that by use of the word "between", the busy Vine Street crossing was excluded and that the ordinance came into force and effect at the south edge of this much traveled street; and that trains might approach and run over the crossing at any high speed, but that when they reached the south edge of the street, out of the traffic danger zone, they must immediately reduce the speed to twenty-five miles per hour. Such construction would, we think, be untenable and altogether too narrow, and would defeat the very purpose of the ordinance which was designed to protect the public by reducing the speed of trains as they crossed busy city streets. The ordinance should have been admitted in evidence, for it had a definite bearing on the question of whether the railroad was negligent in approaching the restricted speed zone and running through the busy street crossing at an excessive and dangerous rate of speed. Anderson v. Crawford, 111 Fla. 381, 149 So. 656. Cf. Waldele v. New York Central & H. R. R. Co., 4 App. Div. 549, 38 N.Y.S. 1009; Fairchild v. Detroit, G. H. & M. Ry. Co., 250 Mich. 252, 230 N.W. 167; Louisville & N. R. Co. v. Loyd, 186 Ala. 119, 65 So. 153, 158.

■ The evidence made a case for the jury, and the court erred in directing a verdict for the defendant. Anderson v. Crawford, supra; Stringfellow v. Atlantic Coast Line R. Co., 5 Cir., 64 F.2d 173, and Id., 290 U.S. 322, 54 S.Ct. 175, 78 L.Ed. 339; Compiled General Laws of Florida, §§ 7051, 7052. Cf. Van Allen v. Atlantic Coast Line R. Co., 5 Cir., 109 F.2d 780.

The judgment is reversed and the cause is remanded for a new trial in conformity with this opinion.

Reversed and remanded.