### ATLANTIC COAST LINE R. CO. v. SMITH et al.
### No. 10518.

Circuit Court of Appeals, Fifth Circuit.
April 7, 1943.

Warren B. Parks and LeRoy B. Giles, both of Orlando, Fla. for appellant.

George Palmer Garrett and George B. Carter, both of Orlando, Fla., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

When this case was here before the judgment was reversed and the cause remanded for a new trial because of the trial court's error in directing a verdict for the defendant railroad and in refusing to permit the introduction in evidence of the certified copy of the city ordinance regulating the speed of trains within the city limits of Kissimmee, Florida. Smith et al. v. Atlantic Coast Line R. Co., 5 Cir., 127 F.2d 798. The second trial resulted in verdicts and judgments for the plaintiffs: $500 for Lenora Raymond King, and $2,000 for C. V. Smith. The railroad has appealed.

The defendant railroad made no motion for directed verdict on the second trial, but it now seeks to question the sufficiency of plaintiffs' evidence by attacking the action of the trial court in overruling its motion for new trial. Although we think the evidence sufficient to support the verdicts and judgments, it should be pointed out that sufficiency of evidence to support a verdict and judgment may not be tested on appeal in this way. The test of sufficiency of the evidence may be made on the trial and preserved for appeal purposes by timely motion for directed verdict. Furthermore, in Federal Courts the granting or refusing of a motion for new trial rests within the sound discretion of the trial court, and its ruling on such motion will not be disturbed on appeal in absence of a showing of manifest abuse of discretion. No such abuse of discretion is shown here. Teche Lines v. Boyette, 5 Cir., 111 F.2d 579.

Appellant complains of the admission in evidence of testimony of the witness Gaither Young as to failure of the crossing signal lights to operate on occasions previous to and following the accident. Such evidence appears to have been introduced for the purpose of refuting the asserted perfection and infallibility of the lights. Cf. Tri-State Transit Co. v. Grier, 5 Cir., 127 F.2d 719. Its admission did not constitute reversible error.

The record clearly shows that the trial was in accordance with the former opinion, and that the charge of the court fully and fairly presented the issues to the jury.

We find no reversible error in the record. The judgments are affirmed.