**ATLANTA & ST. ANDREWS BAY RY. CO., Inc.**

v.

**CHURCH (two cases).**

Nos. 14759, 14760.

United States Court of Appeals, Fifth Circuit.

May 6, 1954.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

## HUTCHESON, Chief Judge.

Brought by appellee, plaintiff below, as administratrix of the estate of Lawrence P. Church, deceased, and for herself as his widow, the suits were for death damages resulting from a collision between an automobile and a standing train blocking the highway.

The claims were that the deceased was a passenger in the automobile; that the crossing at which the collision occurred was, by reason of a curve, a dip in the road, and otherwise, dangerous and unprotected by warning lights or other safety devices; and that because of the acts of negligence of the defendant company, as alleged by her, and without negligence on his part or on the part of the driver of the car, the deceased came to his death.

The defendant moved to dismiss on the ground that the pleading showed on its face that the defendant company was not negligent and that the negligence of those in the automobile was the sole proximate cause of the injury; and also moved to strike certain of the allegations of the complaint.

These motions denied, the defendant answered denying the matters alleged by plaintiff, particularly the charges of negligence; and under defenses numbered second to seventh setting up six special defenses.[1]

Powell, Goldstein, Frazer and Murphy, Atlanta, Ga., Thomas Sale, Panama City, Fla., B. D. Murphy, Atlanta, Ga., R. S. Pierce, Jr., Marianna, Fla., for appellant.

William G. Espy, Dothan, Ala., John H. Carter, Jr., Marianna, Fla., for appellee.

1. For a second defense, defendant denied that there was any dip or grade in the highway and alleged that for at least 200 yards from the crossing the occupant of an automobile could see the box car sitting on the track.

For a third defense, the defendant alleged that the driver of the automobile and plaintiff's husband were familiar with the crossing.

For a fourth defense, defendant alleged that the car was proceeding in a fast and reckless manner, that the contributory negligence of the driver was the sole proximate cause of the accident, and that since the plaintiff's husband did not protest the reckless rate of speed, the negligence of the driver would be imputed to him.

For a fifth defense, it was alleged that the driver of the car came upon the crossing without having his car under control or undertaking to determine whether a train was on the tracks and ran into the standing train so that the right of the plaintiff to recover is barred by the so-called standing train doctrine.

For a sixth defense, the defendant, denying that it was guilty of negligence, pleaded that as it approached the crossing the engineer gave all proper signals and after crossing, because it was necessary that the train go onto another track, and in order to protect the public from

Thereafter the case was tried to a jury on the issues made by the pleadings, and the defendant's motion for a directed verdict made at the conclusion of the evidence denied, the court sent the case to the jury on full instructions, there was a verdict and judgment in one case for $25,000 and in the other for $5,000, and defendant has appealed.

Here it presents numerous specification of error, ten of them general in nature and applicable alike to both appeals, and one, applicable only to the appeal in No. 14760, to the effect that the plaintiff did not prove any damages to entitle her to a judgment in her suit as administratrix, and the verdict in that case is, therefore, without legal basis, because the deceased lived only three days and was unconscious for the greater part of that time.

Of these, one and ten, the most earnestly pressed and vigorously argued, deal not with procedural errors affecting the trial but with the substance of plaintiff's right to recover at all, the claimed error of the court in not granting the defendant's motion for a directed verdict and thereby taking the case from the jury.

The others, except number nine, complain of charges given and refused, and are therefore merely procedural, while nine complains, as procedural error, of a statement made by the court to defendant's counsel in the presence of the jury, "I know I have said some things you don't like". The error claimed here is that the effect of the statement upon the jury was to prejudice them against the defendant's case.

In support of their contention made under specifications one and ten, that the evidence was such that reasonable men could not in the exercise of right reason, find the defendant guilty of negligence, appellant urges upon us that it is established by the undisputed evidence: that the deceased and the driver were on a drinking party; that the car was moving at reckless speed down an open and unobstructed road attended with no hazards; that it ran into a train standing in plain view on a crossing presenting no obstructions to the view; and that these facts required a verdict that the defendant was not negligent, that the negligence of the driver was the sole proximate cause of the injury, and that this negligence was imputable to the plaintiff.

The appellee, as vigorously setting out in her brief the evidence which she asserts is to the contrary of these claims, insists that the case was peculiarly one for a jury, and that the claims of procedural error are without foundation. Summing her argument up, appellee insists that the defendant merely disagrees with the jury. Pointing to evidence of witnesses on which she relies, she urges upon us that there was testimony that, as claimed by her, the road was not straight but curving, that there was a dip in the roadway, that the headlights did not light up the train until the car came out of the dip, and that pavement and standing cars were black and unlighted. She points, too, to the fact that, on a motion of the defendant for a jury view, the jury viewed the crossing, receiving visual impressions of its nature and condition.

Upon the phase of appellant's argument upon which it relies to bring the case within the wild party rule, discussed by the Supreme Court of Florida in Loftin v. Bryan, 63 So.2d 310, that while the negligence of the driver is not ordinarily

running into the train, one of the trainmen lit and placed at the crossing a fusee or flare, which, as well as the train itself, could and should have been plainly seen.

For a seventh defense the defendant alleged that the deceased and the driver of the car had been driving and drinking together and became intoxicated prior to the accident in question, and that one of the causes of the accident was that the driver of the automobile and deceased had their normal faculties impaired by the use of intoxicating liquors and that the negligence of the driver and the deceased in driving in an intoxicated condition was the sole proximate cause of the injury.

imputable to a passenger, where driver and passenger were on a wild party together it would be, appellee, insisting that at best for the defendant the issue was for the jury, points to the charge in which the court fully submitted the issue to the jury in substantial accordance with defendant's request.

Quoting the testimony of several witnesses, that the driver was sober, appellee urges strongly upon us that this question was a matter peculiarly for determination by the jury and that its verdict cannot be overthrown as matter of law.

■ We agree with appellee. In what is known as the standing train doctrine, as it has been laid down in the Florida decisions, on which the defendant relies, and in substance in other states, the rule is that in a case presenting no special circumstances, one who drives headlong into a train standing across the highway cannot complain of negligence because no special warning of the presence of the train was given. This is so because the train itself standing starkly there is a warning.

Where, as here, there is testimony to circumstances or conditions making a different case from the straight away road with no obstruction to the view, to which the rule normally applies, it is a question for the jury whether the circumstances of the stopping and standing of the train constituted negligence.[2] A case from this court which, though arising in Texas, may be profitably consulted on the point is Texas-New Mexico Railway Co. v. Bailey, 5 Cir., 203 F.2d 647.

We think the rule invoked, that recovery should be denied as matter of law, is plainly inapplicable here, where, as is shown by the testimony of defendant's witnesses, though the defendant thought it necessary to put down the lighted fusee as the train came onto the crossing to stand there, it did not put the fusee on the side of the train which was struck by the car; and neither is the evidence conclusive that the fusee on the other side of the train was burning at the time of the collision, nor that if it was burning it would have given sufficient warning to those coming to the crossing from the opposite side.

■ On the record as a whole, we think it must be held that there was no error in denying the defendant's motion for an instructed verdict requested on the ground that, as matter of law, the defendant was not negligent.[3] This being so, neither is there any basis for the contention that, assuming that the defendant was negligent, the driver was also negligent, and his negligence should be imputed to the deceased with the effect of completely denying him recovery.[4]

■ Of the specification of error applicable only to the appeal in cause No. 14760, it is sufficient to say that, whatever may be said of the verdict as to excessiveness in fact, and no point has been, or could be, made on this score,[5] there is positive, indeed uncontradicted, evidence that the deceased underwent some suffering sufficient to support a verdict in some amount and that it, therefore, cannot be said of the verdict, as appellant attempts to do, that it was without legal basis.

No reversible error appearing, the judgments in both cases are

Affirmed.

HOLMES, Circuit Judge.

I dissent.

2. Florida cases which may be consulted are Goff v. Atlantic Coast Line R. Co., 53 So.2d 777; Seaboard Air Line R. Co. v. Martin, 56 So.2d 509; Poindexter v. Seaboard Air Line R. Co., 56 So.2d 905; Horton v. Louisville & Nashville R. Co., 61 So.2d 406; Bodie v. Louisville & Nashville R. Co., 61 So.2d 411.

3. Lowry v. Seaboard Air Line R. Co., 5 Cir., 171 F.2d 625; Atlantic Coast Line R. Co. v. Pidd, 5 Cir., 197 F.2d 153;

Atlantic Coast Line Co. v. Hadlock, 5 Cir., 180 F.2d 105.

4. Stringfellow v. Atlantic Coast Line Ry. Co., 5 Cir., 64 F.2d 173; Id., 290 U.S. 322, 54 S.Ct. 175, 78 L.Ed. 339; Van Allen v. Atlantic Coast Line R. Co., 5 Cir., 109 F.2d 780.

5. Sunray Oil Corp. v. Allbritton, 5 Cir., 187 F.2d 475; on petition for rehearing, 5 Cir., 188 F.2d 751.