**Millard Smith MARSHALL and Melvin Pettit, Appellants,**

v.

**Carl E. MINTZ, Appellee.**

No. 24520.

United States Court of Appeals Fifth Circuit.

Dec. 1, 1967.

Richard M. Gale, E. S. Corlett, III, Sherouse & Corlett, Miami, Fla., for appellants.

Robert Orseck, Nichols, Gaither, Beckham, Colson, Spence & Hicks and Podhurst & Orseck, Miami, Fla., for appellee.

Before JONES and DYER, Circuit Judges, and CASSIBRY, District Judge.

PER CURIAM:

This is an appeal from a judgment entered upon a jury verdict awarding appellee damages in a personal injury diversity case.

The appellants contend that the district court erred in denying their motion for judgment notwithstanding the verdict because there was no proof of appellants' negligence, but on the contrary the only reasonable inference to be drawn was that appellee's own negligence was the proximate cause of injuries. On oral argument appellant's counsel, with candor, admitted that there was sufficient evidence to sustain a jury finding that appellants were negligent but insisted that the contributory negligence of the appellee was the proximate cause of his injuries.

In considering appellants' motion the record must be viewed in the light most favorable to the appellee, e. g. Jones & Laughlin Steel Corp. v. Matherne, 5 Cir. 1965, 348 F.2d 394; Swift & Co. v. Morgan & Sturdivant, 5 Cir. 1954, 214 F.2d 115, 116, 49 A.L.R.2d 924; bearing in mind that the sufficiency of the evidence to create a jury question is a matter of federal law. H. Curtis Ind., Inc., et al. v. Pruitt, 5 Cir. 1967, 385 F.2d 841; Planters Manufacturing Co. v. Protection Mut. Ins. Co., 5 Cir. 1967, 380 F. 2d 869. A fact issue must be submitted to the jury, we have said, if reasonable men could differ on the conclusions to be reached from the evidence presented. Isaacs v. American Petrofina, 5 Cir. 1966, 368 F.2d 193, 195–196; Wells v. Warren Co., 5 Cir. 1964, 328 F.2d 666, 668–669.

The district court correctly and without objection charged the jury on contributory negligence, proximate cause, concurrent causes, foreseeability and continuing sequence, independent intervening causes, and the difference between remote causes or conditions and direct proximate causes. The evidence was clearly sufficient to create jury questions on the issues presented. Thus appellants' motion for a judgment notwithstanding the verdict was properly denied.

Appellants' motion for a new trial, upon the grounds that the verdict and judgment were against the manifest weight of the evidence, is addressed to

the sound discretion of the district court. There is no showing that the district court abused its discretion in denying the motion. Pennsylvania Thresherman & Farmers' Mut. Cas. Co. v. Crapet, 5 Cir. 1952, 199 F.2d 850, 853; Marsh v. Illinois Cent. R. R. Co., 5 Cir. 1949, 175 F.2d 498; Atlantic Coast Line R. R. Co. v. Smith, 5 Cir. 1943, 135 F.2d 40, 41.

Affirmed.